Syllabus.

𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

COMMONWEALTH V. PERROW.

January 16, 1919.

1. APPEAL AND ERROR—*Appeal by Commonwealth—Constitutionality of Section 4052, Code of 1904.*—The right of appeal is in terms conferred by section 4052 of the Code of 1904, providing for an appeal on behalf of the Commonwealth not only in all cases for the violation of a law relating to the State revenue but also in all cases for the violation of a law which has been declared to be unconstitutional by the judgment of a circuit or corporation court; but this section of the Code, except as to revenue cases, is itself unconstitutional and void.

2. AUTREFOIS, ACQUIT AND CONVICT—*Power of Legislature.*—Prior to the adoption of the Constitution of 1902, there was no express or implied constitutional inhibition upon the right of appeal to the Commonwealth, and as the subject was then controlled entirely by the common law, there was no legal reason why the legislature might not, by express statute, have allowed the State a writ of error in any criminal case.

3. AUTREFOIS, ACQUIT AND CONVICT—*Provision of United States Constitution not Applicable to the States.*—The provision in the Constitution of the United States, that no person shall be liable to be put twice in jeopardy of life or limb for the same offense, which is construed to deny the government the right of appeal in criminal cases, applies only to the federal courts and not to the courts of the several States.

4. AUTREFOIS, ACQUIT AND CONVICT—*Section 3893, Code of 1904—Case at Bar.*—Section 3893 of the Code of 1904, providing immunity against a second trial for the same offense, speaks only of cases in which there has first been an acquittal "by the jury upon the facts and merits," and does not in terms at least, apply to the instant case, where no jury was sworn, but the warrant of a justice of the peace was quashed and dismissed on the ground that the statute under which it was issued was unconstitutional and void.

5. AUTREFOIS, ACQUIT AND CONVICT—*Constitutionality of Section 4052, Code of 1904—Section 88 of the Constitution of 1902.*—Section 88 of the Constitution of 1902 provides that "no ap-

peal shall be allowed to the Commonwealth in any case involving life or liberty of a person, except that an appeal by the Commonwealth may be allowed by law in any case involving the violation of a law relating to the State revenue." Under this provision, a writ of error does not lie upon the petition of the Commonwealth in any case involving the life or liberty of a person where no question touching the State revenue is involved, and hence so much of section 4052 of the Code of 1904 as provides for a writ of error at the instance of the Commonwealth in a case merely involving the violation of a law declared to be unconstitutional, is itself null and void. But section 88 of the Constitution applies only to cases where the life or liberty of accused is involved, leaving to the legislature, so far as this particular section of the Constitution is concerned, a free-hand with reference to appeals in criminal cases where no other punishment than a fine is prescribed. As to this latter class of cases it is apparent, therefore, that section 4052 of the Code of 1904 is not in conflict with this provision of the Constitution.

6. AUTREFOIS, ACQUIT AND CONVICT—*Section 8 of the Constitution of 1902.*—Section 8 of the Constitution of 1902 provides that no man shall "be put twice in jeopardy for the same offense, but an appeal may be allowed the Commonwealth in all prosecutions for the violation of a law relating to the State revenue." This section incorporated for the first time in the fundamental written law of the State the well known common law doctrine of former jeopardy. When the purpose of an appeal in a criminal case is to procure on behalf of the State a reversal of the judgment and a new trial of the accused (as distinguished from a mere review and decision of the legal question involved for use as a precedent in future cases) the rule against a second jeopardy for the same offense operates *proprio vigore* to destroy the right of appeal. The matter is jurisdictional, and the accused is not obliged to first abide the result of the appeal, and, in the event of a reversal, resort to his plea of *autrefois acquit* or *autrefois convict* to avoid a second trial.

7. AUTREFOIS, ACQUIT AND CONVICT—*Section 8 of the Constitution of 1902—Character of Punishment—Misdemeanor Punishable by Fine Alone.*—Whatever view may prevail in other jurisdictions, in this State the rule against putting any person in jeopardy more than one time for the same offense is to be applied in all criminal cases—regardless of the character and degree of the punishment.

8. AUTREFOIS, ACQUIT AND CONVICT—*Appeal by Commonwealth—Constitutionality of Section 4052 of Code of 1904.*—Under both section 8 and section 88 of the Constitution of 1902 the

legislature may allow the Commonwealth an appeal in any criminal case involving the revenue law regardless of the degree of punishment, but by virtue of the operation of section 8 such appeal does not lie in any other kind of criminal cases; and therefore, section 4052 of the Code of 1904 is unconstitutional except in so far as it refers to appeals in revenue cases.

9. AUTREFOIS, ACQUIT AND CONVICT — *Jury not Empaneled and Sworn.*—Jeopardy, as ordinarily understood in legal parlance, refers to the danger of conviction and punishment which a defendant incurs in a criminal case where a jury has been empaneled and sworn. But the spirit and purpose of the immunity intended to be secured by the doctrine will be violated whenever a defendant in any criminal case has been formerly tried by competent authority—whether court or jury—and discharged upon a defense constituting a bar to the proceeding, whether that defense be rested upon the law or the facts.

10. APPEAL BY COMMONWEALTH—*Whether Act of March 5, 1900, in Regard to Labor Agents is a Revenue Law or Not.*—The act of March 5, 1900 (Acts 1899-1900, p. 868) entitled "an act for the protection of farmers, etc., in Buckingham county, by requiring licenses of labor agents, and imposing penalties for violation," empowered the board of supervisors to place a license tax upon all labor agents coming into the county for the purpose of inducing local laborers to go elsewhere, and provided that any agent or representative soliciting laborers to leave the county without having in his possession a license or receipt showing that the license had been paid, should be guilty of a misdemeanor and punished on conviction by a fine.

*Held:* That a violation of this act was not a violation of a State revenue law and therefore no appeal lies from a judgment of the circuit court quashing and dismissing a warrant issued by a justice of the peace charging accused with "soliciting labor illegally and contrary to" the act.

Error to a judgment of the Circuit Court of Buckingham county.

*Dismissed.*

The opinion states the case.

*E. W. Hubbard, A. L. Pitts, Jr.,* and *F. C. Moon,* for the Commonwealth.

*J. O. Shepherd* and *J. Gordon Bohannan,* for the defendant in error.

KELLY, J., delivered the opinion of the court.

By an act of the General Assembly, approved March 5, 1900, entitled "an act for the protection of farmers, etc., in Buckingham county, by requiring licenses of labor agents, and imposing penalties for violation" (Acts 1899-1900, page 868), the board of supervisors of Buckingham county was authorized and empowered to place a license tax upon all labor agents coming into the county for the purpose of inducing local laborers to go elsewhere. The provision prescribing penalties for violation of the act was as follows: "Any agent or representative found in any part of the county soliciting men to leave said county for the purpose heretofore stated, without having in his possession license or receipt showing that license has been paid, shall be deemed guilty of a misdemeanor, and punished, on conviction, by fine of not less than fifty nor more than one hundred dollars in each case."

Jno. H. Perrow was convicted and fined $75.00 upon a warrant issued by a justice of the peace of Buckingham county, charging him with "soliciting labor illegally and contrary to" the act above recited. He appealed to the circuit court, and that court, being of opinion that the statute was unconstitutional and void, quashed and dismissed the warrant. To that judgment, upon an application in the name of the Commonwealth, this writ of error was awarded.

[1] The first question claiming our attention arises upon a motion to dismiss the writ of error on the ground that this case does not involve the violation of any law relating to the State revenue, and that, except in revenue

cases, no appeal lies for the Commonwealth in any criminal prosecution.

It is conceded that the right of appeal is in terms conferred by section 4052 of the Code, providing for an appeal on behalf of the Commonwealth, not only in all cases for the violation of a law relating to the State revenue, but also in all cases for the violation of a law which has been declared to be unconstitutional by the judgment of a circuit or corporation court; but it is contended that this section of the Code, except as to revenue cases, is itself unconstitutional and void.

[2, 3, 4]   Prior to the adoption of the Constitution of 1902, there was no express or implied constitutional inhibition upon the right of appeal to the Commonwealth, and as the subject was then controlled entirely by the common law, there was no legal reason why the legislature might not, by express statute, have allowed the State a writ of error in any criminal case. The provision in the Constitution of the United States (amendment 5) that no person shall be liable to be put twice in jeopardy of life or limb for the same offense, which is construed to deny the government the right of appeal in criminal cases, applies only to the federal courts and not to the courts of the several States. See the very interesting discussion of this subject in a note by Judge M. P. Burks in 6 Virginia Law Register, page 244. Section 3893 of the Code, providing immunity against a second trial for the same offense, speaks only of cases in which there has first been an acquittal "by the jury upon the facts and merits," and does not, in terms at least, apply to the instant case, where no jury was sworn. That section is discussed by Judge Burks in the note mentioned, and he shows that the cases cited thereunder in the Code do not raise or decide the question now under consideration.

[5]   There are two provisions in the present constitu-

tion of the State, however, which place definite limits upon the power of the legislature in respect to granting the right of appeal to the State—namely, section 8, which provides that no man shall "be put twice in jeopardy for the same offense, but an appeal may be allowed the Commonwealth in all prosecutions for the violation of a law relating to the State revenue;" and section 88, which provides that "no appeal shall be allowed to the Commonwealth in any case involving the life or liberty of a person, except that an appeal by the Commonwealth may be allowed by law in any case involving the violation of a law relating to the State revenue."

In the case of *Commonwealth* v. *Willcox*, 111 Va. 849, 69 S. E. 1027, it was held that under the provision of section 88, quoted above, a writ of error does not lie upon the petition of the Commonwealth in any case involving the life or liberty of a person where no question touching the State revenue is involved, and hence that so much of section 4052 of the Code as provides for a writ of error at the instance of the Commonwealth in a case merely involving the violation of a law declared to be unconstitutional, is itself null and void. The case at bar, however, is not expressly covered by the *Willcox Case,* because the offense with which Willcox was charged was one involving his liberty, and therefore came clearly within the terms of section 88 of the Constitution upon which the decision turned, while the offense with which Perrow is here charged is punishable by fine only, and does not directly imperil his liberty. (*Forbes* v. *State Council,* 107 Va. 853, 859, 60 S. E. 81.) Section 88 expressly confers the right of appeal in all revenue cases. regardless of the form or degree of punishment, and expressly denies it in all other than revenue cases where the penalty is such as to involve life or liberty, thus leaving the legislature, so far as this particular section of the Constitution is concerned, a free hand with reference

to appeals in criminal cases where no other punishment than a fine is prescribed. As to this latter class of cases it is apparent, therefore, that section 4052 of the Code is not in conflict with the Constitution unless made so by section 8 thereof quoted above, and the effect of which in this respect we must now proceed to consider.

[6] This section, as we have seen, incorporates for the first time in the fundamental written law of the State the well-known common law doctrine of former jeopardy. When the purpose of an appeal in a criminal case is to procure on behalf of the State a reversal of the judgment and a new trial of the accused (as distinguished from a mere review and decision of the legal question involved for use as a precedent in future cases) the rule against a second jeopardy for the same offense operates *proprio vigore* to destroy the right of appeal. The matter is jurisdictional, and the accused is not obliged to first abide the result of the appeal, and, in the event of a reversal, resort to his plea of *autrefois acquit* or *autrefois convict* to avoid a second trial. 8 R. C. L., p. 168, sec. 162, and authorities cited in note 19; *State* v. *Lee,* 65 Conn. 265, 30 Atl. 1110, 27 L. R. A. 498, 48 Am. St. Rep. 202, and note thereto, p. 213.

The avowed purpose of the appeal sought in the instant case is to obtain a reversal of the judgment, to the end that the accused may be again brought to trial; and no appeal lies for this purpose if the rule against a second jeopardy applies to the case.

[7] Does, then, a misdemeanor, punishable only by fine, constitute such an "offense" as to fall within the letter and spirit of section 8 of the Constitution? The doctrine of "once in jeopardy" had its origin in cases of treason and felony, but it has long been applied to misdemeanors. 1 Bishop's New Criminal Law, p. 596, section 990; *Ex Parte Lang,* 18 Wall. 163, 21 L. Ed. 872; *Jones' Case,* 20 Gratt. (61 Va.) 848. 852. As to the latter class of cases (that is,

misdemeanors), the only question in the application of the doctrine seems to be whether it can be invoked in misdemeanor cases not involving any corporal punishment. This question does not appear to have arisen very frequently, and when it has, the disposition of it, so far as we have been able to discover, has generally turned upon constitutional provisions expressly or by implication defining the offenses which fall within their purview.

In the case of *Jones* v. *State,* 15 Ark. 261, it is held that where a defendant indicted for a misdemeanor, punishable by fine only, has been tried and acquitted and the judgment reversed on appeal, he may be tried again without any violation of the Arkansas Constitution, which provides "that no person shall, for the same offense, be put twice in jeopardy of life or limb."

And in *State* v. *Spear,* 6 Mo. 644, a case of indictment for misdemeanor, punishable by both fine and imprisonment, Napton, J., delivering the opinion of the Supreme Court of Missouri, said: "I hold that the verdict of acquittal is a complete protection to the defendant against any further proceedings. The Constitution declares (article 13, section 10) that no person, after having been once acquitted by a jury, can, for the same offense, again be put in jeopardy of life or limb. By this provision, I understand that in all criminal prosecutions where a conviction would subject him to capital punishment, or would render him liable to be restrained from his personal liberty, an acquittal by a jury is a complete bar to any subsequent trial."

It seems from the cases cited that the Arkansas and Missouri courts would apply the doctrine of former jeopardy to all misdemeanors for which the punishment might mean an imprisonment, and would deny it in all misdemeanor cases where the punishment consisted only of a fine. But it will be observed that in both States the offenses cov-

ered by the constitutional guarantee against a second trial were expressly declared to be offenses involving life or limb.

On the other hand, in *McCauley* v. *State,* 26 Ala. 135, 144, the Alabama Supreme Court holds that "any discharge of the jury which would protect a person indicted for a capital offense from a subsequent trial, will work the same result in favor of a person indicted for a misdemeanor; that in this respect there is no middle ground—no difference between a capital case and a case of misdemeanor, as the Constitution guarantees the right of trial by jury 'in all criminal prosecutions.'" This was a case in which the accused was charged with unlawful gaming. The report does not show, and we are not otherwise informed, what was the prescribed penalty, but the phrase "all criminal cases" is broad enough to cover all misdemeanors. The case involved the effect of discharging a jury after the defendant had been put to his trial upon a plea of not guilty, and the doctrine of former jeopardy was directly involved.

In *Brink* v. *State,* 18 Tex. App. 344, 51 Am. Rep. 317, where the charge against the accused was that he had sold a cigar on Sunday, it was held that his plea of former jeopardy for the same offense should have been sustained.

But whatever view may prevail in other jurisdictions, we are of opinion that in this State the rule against putting any person in jeopardy more than one time for the same offense is to be applied in all criminal cases—regardless of the character and degree of the punishment.

In *Jones' Case,* 20 Gratt. (61 Va.) 848, 853, Moncure, P., delivering the opinion of the court, said: "The ground on which the view of the counsel for the plaintiff in error rests is a provision of the Constitution of the United States, which is in these words: 'Nor shall any person be subject, for the same offense, to be twice put in jeopardy of

life or limb;' and which has been considered to be nothing more than a solemn reassertion of one of the maxims of the common law, that the life of a man shall not be twice in jeopardy for one and the same offense.

"This provision of the federal Constitution applies, as such, only to the courts of the United States, and not to the courts of the several States; though it has been repeated, in effect if not in words, in some of the State Constitutions —but not in that of Virginia. The common law maxim, however, on which this constitutional provision is supposed to be founded does exist in Virginia, and seems to go even farther than that provision. For while that is confined, in terms, to cases involving 'life or limb,' the maxim extends to all criminal cases."

And in *Day's Case*, 23 Gratt. (64 Va.) 915, this court applied the doctrine of former jeopardy to an offense which consisted of a violation of the gaming statute then in force, and which was punishable only by a fine.

It is true that both the *Jones Case* and the *Day Case* were decided long before there was in Virginia any constitutional guarantee against a second jeopardy, but it will be observed that both of these cases use substantially the same language in announcing and applying the common law immunity against a second trial for the same offense as is found in our present Constitution; and we are of opinion that this language, as now embodied in section 8, was intended to cover all criminal cases.

[8] It follows from what has been said that under both section 8 and section 88 of the Constitution the legislature may allow the Commonwealth an appeal in any criminal case involving the revenue law, regardless of the degree of punishment, but that by virtue of the operation of section 8 such appeal does not lie in any other kind of criminal cases; and that, therefore, section 4052 of the Code is unconstitutional, except in so far as it refers to appeals in revenue cases.

[9] There was no jury trial in the instant case, and we have not overlooked the fact that jeopardy, as ordinarily understood in legal parlance, refers to the danger of conviction and punishment which a defendant incurs in a criminal case where a jury has been empaneled and sworn. But we are of opinion that the spirit and purpose of the immunity intended to be secured by the doctrine in question will be violated whenever a defendant in any criminal case has been formerly tried by competent authority— whether court or jury—and discharged upon a defense constituting a bar to the proceeding, whether that defense. be rested upon the law or the facts.

In 12 Cyc., page 84, it is stated: "As a general rule, the State has no right to a writ of error or an appeal from a judgment in favor of a defendant, whether upon a verdict of acquittal or upon the determination by the court of a question of law, unless it be expressly conferred by statute in the plainest and most unequivocal terms."

In *United States* v. *Sanges,* 114 U. S. 310, 12 Sup. Ct. 609, 36 L. Ed. 445, the court said: "A State has no right to a writ of error upon a judgment in favor of the defendant in a criminal case, except under and in accordance with express statutes, whether that judgment was rendered upon a verdict of acquittal or upon the determination by a court of a question of law."

[10] Having reached this conclusion, we must now decide whether the offense with which Perrow was charged involved the violation of a State revenue law; and we have no difficulty in holding that it does not. The title and the preamble of the act which he was accused of having violated show very clearly that the sole purpose of the enactment was to protect local interests in Buckingham county. At the time the act was passed there was a general statute, a part of the general tax law of the State, imposing a license

tax, for the express purpose of helping to support the government, upon all persons throughout the State who might engage in the business of a labor agent. The same general statute, as amended, appears now as sections 128 and 129 of the tax bill (Code 1904, append. p. 2247). There is nothing in the title of the act of March 5, 1900, and nothing in its declared purpose, which can be reasonably construed to bring it within the meaning of a revenue law, as that term is used in sections 8 and 88 of the Constitution. The purpose of the constitutional provision was to protect the State government in the tremendously important matter of enforcing the laws enacted to secure an income for its support and maintenance. The Buckingham county act was a special and local law, plainly intended for local police purposes.

We are of opinion that the motion to dismiss the writ of error must be sustained.

*Dismissed.*