# Richmond

## City of Roanoke v. Harold Joseph Donckers.

April 26, 1948.

Record No. 3375.

Present, Hudgins, C. J., and Gregory, Eggleston, Spratley, Buchanan and Miller, JJ.

The opinion states the case.

*C. E. Hunter* and *Randolph G. Whittle*, for the plaintiff in error.

*H. M. Moomaw* and *W. Courtney King*, for the defendant in error.

GREGORY, J., delivered the opinion of the court.

Only a very brief statement of the facts will make it obvious that this court has no jurisdiction to entertain the writ of error awarded in this case. The City of Roanoke, through its legislative body, enacted an ordinance imposing a tax of $1 on every $100 upon the sale of real estate lying within the city, to be paid by the purchaser at the time the deed is offered for recordation to the clerk of the court. Failure to comply with this ordinance is made a misdemeanor and the penalty fixed at a fine or a jail sentence or both, in the discretion of the court trying the case.

Harold Joseph Donckers refused to pay the tax on real estate purchased by him, as required by the ordinance, and he was proceeded against in the Civil and Police Court of the city of Roanoke upon a criminal warrant charging him with a violation of the ordinance. He was found guilty, a fine was imposed upon him, and he appealed his case to the Hustings court of the city of Roanoke, where he waived a jury. The court heard the case, reversed the judgment of the Civil and Police court and concluded, "This being a criminal proceeding, an order will be entered dismissing the charges against the appellant." The order of the court states that "argument of counsel as to the guilt of the defendant and the validity of said ordinance" was heard and the court was of the opinion that the ordinance was not constitutional. The order then concludes, "It is therefore considered by the court that the said Harold Joseph Donckers be discharged of said alleged offense and that he go hence without day, to which action of the court the city of Roanoke by counsel then and there excepted."

That this is a criminal case there can be no doubt. The first position of the defendant in error is that this being a criminal case in which his liberty is involved the city of Roanoke has no right of appeal. This position is perfectly sound. Section 8 of our Constitution provides, among other things, that no man shall "be put twice in jeopardy for the same offense, * * *"; and section 88 of our Constitution provides, among other things, that "no appeal shall

be allowed to the Commonwealth in a case involving the life or liberty of a person except that an appeal by the Commonwealth may be allowed in any case involving the violation of a law relating to the State revenue."

In the instant case the liberty of the defendant in error is involved and the revenue of the State is not involved, the tax here being purely local and solely for city purposes.

Since State revenue is not involved, the Commonwealth has no right of appeal, and the city, which is a creature of the Commonwealth, could have no such right. The Commonwealth could not grant one of its political subdivisions a power which it does not itself possess.

If we granted the request of counsel for the city and were to *re-hear*, reverse, and annul the judgment, the result, in effect, would be to place the defendant in error "twice in jeopardy" for the same offense. This court has no power to reverse the judgment, re-hear the case, and enter an order of conviction against the defendant in error, nor does it possess the power to direct that he be tried again by the hustings court for the same offense of which he was there acquitted. This would be in violation of the Constitution.

Section 88 of the Constitution is perfectly clear. It plainly denies appellate jurisdiction to this court to entertain the appeal in this case. Our conclusion to dismiss the writ of error in the instant case is abundantly supported by the decisions of this court. See *Commonwealth* v. *Perrow*, 124 Va. 805, 97 S. E. 820, and *Commonwealth* v. *Willcox*, 111 Va. 849, 69 S. E. 1027.

Counsel for the city argues that the right of the city to a writ of error is authorized by Code, 1942 (Michie), section 4931. It reads as follows:

"A writ of error shall lie in a criminal case to the judgment of a circuit court or the judge thereof, or of a corporation court, or of a hustings court, from the Supreme Court of Appeals. It shall lie in any such case for the accused, and if the case be for the violation of any law relating to the State revenue, it shall lie also for the Com-

monwealth. And a writ of error shall also lie for any city or town to the judgment of any circuit, corporation, or hustings court, from the supreme court of appeals, declaring any ordinance of such city or town to be unconstitutional or otherwise invalid, except where the violation of any such ordinance is made a misdemeanor by State statute."

If this section authorizes the writ of error in this case it would contravene the constitutional provisions to which reference has been made. That the statute (formerly 4052) is unconstitutional, in so far as it contravenes the constitutional provisions referred to here, has been expressly held in *Commonwealth* v. *Perrow, supra.*

*Writ dismissed.*