COMMONWEALTH OF VIRGINIA

V.

GEORGE CLINTON SMITH

Record No. 850655

November 27, 1985

Present: All the Justices

*Jerry P. Slonaker, Senior Assistant Attorney General (William G. Broaddus, Attorney General; Donald R. Curry, Assistant Attorney General*, on brief), for appellant.
*R. Richard Ryder* for appellee.

COMPTON, J., delivered the opinion of the Court.

This is an appeal by the Commonwealth from an order of the Court of Appeals letting a prisoner to post-conviction bail.

On May 6, 1985, a jury in the Circuit Court of Montgomery County convicted appellee George Clinton Smith of conspiracy to possess cocaine with the intent to distribute. The trial judge sentenced defendant in accordance with the verdict to imprisonment for 40 years and a fine of $25,000.

Prior to trial, defendant had been admitted to bail on a bond of $150,000 with surety. Subsequent to conviction, counsel for the accused moved the trial court to permit his client to remain free "upon the same bond" pending appeal. After hearing argument of counsel, the trial judge denied the request.

On May 15, 1985, defendant, by counsel, filed a "Motion" in the Court of Appeals seeking "bond pending appeal." On the next day, counsel for defendant filed a notice of appeal in the intermediate appellate court to the conspiracy conviction. On June 24, 1985, a hearing on the bail motion was held by the Chief Judge of the Court of Appeals who, in an order entered on the same day,

granted defendant's request. The court authorized a surety bond in the sum of $150,000 with specific conditions.

The Commonwealth then filed a motion requesting the Court of Appeals to reconsider its bail decision. This motion was overruled by the Chief Judge. Subsequently, the Commonwealth filed a timely notice of appeal and petition for appeal to the order granting bail. We awarded the Commonwealth this appeal in September.

At the threshold, we are confronted with a constitutional issue dealing with appellate jurisdiction. The defendant contends that, under art. VI, § 1 of the Constitution of Virginia, which defines the jurisdiction of this Court, the Commonwealth has no right to appeal the Court of Appeals' decision allowing the defendant's release on bond.

As pertinent here, the foregoing section provides:

"The Supreme Court shall, by virtue of this Constitution, have original jurisdiction in cases of habeas corpus, mandamus, and prohibition and in matters of judicial censure, retirement, and removal under Section 10 of this Article. All other jurisdiction of the Supreme Court shall be appellate. Subject to such reasonable rules as may be prescribed as to the course of appeals and other procedural matters, the Supreme Court shall, by virtue of this Constitution, have appellate jurisdiction in cases involving the constitutionality of a law under this Constitution or the Constitution of the United States and in cases involving the life or liberty of any person.

*"No appeal shall be allowed to the Commonwealth in a case involving the life or liberty of a person, except that an appeal by the Commonwealth may be allowed in any case involving the violation of a law relating to the State revenue.*

"Subject to the foregoing limitations, the General Assembly shall have the power to determine the original and appellate jurisdiction of the courts of the Commonwealth." (Emphasis added).

The defendant argues that the Commonwealth's right of appeal in criminal cases is specifically limited by the Constitution to cases relating to the State revenue and, further, that statutory law places the same restrictions upon the Commonwealth's appeal prerogative.

The narrow question thus presented is whether the Commonwealth is allowed to appeal a judgment of the Court of Appeals admitting a convicted defendant to bail. We answer the query in the affirmative.

The analysis first must take into account the specific nature of a post-conviction bail proceeding and the extent of its link to the criminal prosecution itself. Upon close examination, several obvious aspects of the bail question point to the conclusion that the proceeding is somewhat separate and distinct from the main criminal prosecution. For example, the most striking factor differentiating the proceedings is that guilt or innocence of the accused is not at issue in the bail proceeding. Also, the ultimate burden of proof on entitlement to bail is upon the prisoner and not the Commonwealth. And, from a practical standpoint, appellate issues relating to bail routinely are handled separately from the issues in the criminal prosecution and often are the subject of separate petitions for appeal. Thus, a bail proceeding is not an integral part of the guilt-innocence determination. Rather, it is ancillary to the criminal prosecution.

With this background in mind, we examine the pertinent constitutional language. The crucial provision proscribes an appeal by the Commonwealth "in a case involving the life or liberty of a person," other than a prosecution for the "violation of a law relating to the State revenue." While it is true that a bail proceeding involves the "liberty" of the prisoner in the sense that his freedom of movement as a member of society is being restricted, nevertheless, the word "liberty" must be interpreted in the light of its context. *Smyth* v. *Godwin*, 188 Va. 753, 760-61, 51 S.E.2d 230, 233, *cert. denied*, 337 U.S. 946 (1949). "Ordinarily, 'a case involving the life or liberty of a person' connotes a criminal prosecution, *a proceeding in which the conviction of an accused may result in a sentence of death or imprisonment, that is, a judgment directly* depriving him of his life or liberty." *Id.* at 761, 51 S.E.2d at 233 (emphasis added). An adverse judgment in a bail proceeding, instituted to obtain the prisoner's release from custody pending appeal, certainly does not deprive such prisoner of his life. Similarly, an adverse decision in such a proceeding does not deprive a prisoner of his "liberty," in the context of the constitutional provision, when that term is understood in the sense that his freedom has been curtailed permanently in a criminal prosecution.

■ An examination of the historical origin of the language under consideration makes it clearer that the constitutional limitation on the Commonwealth's right of appeal was not designed to apply to bail proceedings. The language, appearing as a part of a Virginia constitution for the first time in the Constitution of 1902, was drafted in order to express, in the fundamental written law of Virginia, the accepted common-law doctrine of former jeopardy. *Commonwealth* v. *Perrow*, 124 Va. 805, 809-11, 97 S.E. 820, 821-22 (1919). "[T]he provision prohibiting the allowance of an appeal to the Commonwealth in a case 'involving the life or liberty of a person' was inserted in the Constitution to insure that in a criminal prosecution, *where a man's guilt or innocence of the charge made against him is at issue,* he may not 'be put twice in jeopardy for the same offense.'" *Smyth,* 188 Va. at 763-64, 51 S.E.2d at 235 (emphasis added).

No question of former jeopardy is involved in this proceeding. The Commonwealth is not appealing the judgment of conviction in the criminal prosecution for conspiracy. A reversal of the judgment directing that the prisoner be admitted to bail will in no way subject the convicted felon to being put twice in jeopardy for the same offense. *See Virginia Department of Corrections* v. *Crowley,* 227 Va. 254, 262-63, 316 S.E.2d 439, 443 (1984). *Cf. City of Roanoke* v. *Donckers,* 187 Va. 491, 47 S.E.2d 440 (1948); *Commonwealth* v. *Willcox,* 111 Va. 849, 69 S.E. 1027 (1911). Thus, there is no constitutional prohibition against the Commonwealth's appeal in this proceeding.

■ The question then becomes whether such appeal is authorized by statute. Code § 17-116.08 provides:

"Except where the decision of the Court of Appeals is made final under § 17-116.07, any party aggrieved by a final decision of the Court of Appeals may petition the Supreme Court for an appeal. The Commonwealth, or any county, city, or town, may also petition the Supreme Court for review pursuant to § 19.2-317. The granting of such petitions shall be in the discretion of the Supreme Court."

In the first sentence of the statute, the Commonwealth certainly qualifies as "any party"; likewise, the Commonwealth is "aggrieved." Also, the decision in a bail proceeding is not among those decisions of the Court of Appeals accorded finality under §

17-116.07.* In the second sentence of § 17-116.08, the Commonwealth is "also" accorded the right to appeal to this Court pursuant to § 19.2-317.

Section 19.2-317 provides in pertinent part that:

"A. A writ of error shall lie in a criminal case to the judgment of a circuit court or the judge thereof, from the Court of Appeals as provided in § 17-116.05:1. It shall lie in any such case for the accused and if the case is for the violation of any law relating to the state revenue, it shall lie also for the Commonwealth."

Clearly, then, the Commonwealth is accorded the right of appeal in a proper case under the first sentence of § 17-116.08. Reading the second sentence of § 17-116.08 with the second sentence of § 19.2-317, we conclude that the Commonwealth is "also" assured, consistent with the constitutional provision, *supra*, of the right to appeal to this Court adverse judgments in prosecutions for the violation of any law relating to the state revenue, even though in criminal prosecutions generally, according to § 19.2-317, "the accused" only may appeal to this Court. For example, as the Attorney General points out, in a misdemeanor case involving the state revenue where no incarceration had been imposed, the decision of the Court of Appeals would be final and not appealable under the first sentence of § 17-116.08 and subsection (A)(1) of § 17-

---

* "§ 17-116.07. Disposition of appeals; finality of decisions.—A. Each appeal of right taken to the Court of Appeals and each appeal for which a petition for appeal has been granted shall be considered by a panel of the court.

"When the Court of Appeals has (i) rejected a petition for appeal, (ii) dismissed an appeal in any case in accordance with the Rules of Court, or (iii) decided an appeal, its decision shall be final, without appeal to the Supreme Court, in:

1. Traffic infraction and misdemeanor cases where no incarceration is imposed;

2. Cases originating before any administrative agency or the Industrial Commission of Virginia; and

3. Cases involving the affirmance or annulment of a marriage, divorce, custody, spousal or child support or the control or disposition of a juvenile and other domestic relations cases arising under Title 16.1 or Title 20, or involving adoption under Chapter 11 (§ 63.1-238.1 et seq.) of Title 63.1.

"B. Notwithstanding the provisions of paragraph A, in any case in which the Supreme Court determines on a petition for review that the decision of the Court of Appeals involves a substantial constitutional question as a determinative issue or matters of significant precedential value, review may be had in the Supreme Court in accordance with the provisions of § 17-116.08."

116.07. But the second sentences of § 17-116.08 and § 19.2-317(A) preserve the right of the Commonwealth to seek review in such cases to this Court.

■ Finally, Code § 19.2-319 does not preclude the Commonwealth's appeal in this proceeding. That statute provides:

> "If a person sentenced by a circuit court to death or confinement in the penitentiary indicates an intention to apply for a writ of error, the circuit court shall postpone the execution of such sentence for such time as it may deem proper.
>
> "If any other criminal case wherein judgment is given by any court to which a writ of error lies, and in any case of judgment for any civil or criminal contempt, from which an appeal may be taken or to which a writ of error lies, the court giving such judgment may postpone the execution thereof for such time and on such terms as it deems proper. And in any case after conviction if the sentence, or the execution thereof, is suspended in accordance with this section, or for any other cause, the court, or the judge thereof, may, and in any case of a misdemeanor shall, let the prisoner to bail in such penalty and for appearance at such time as the nature of the case may require. *A writ of error from the Court of Appeals shall lie to any such judgment refusing bail or requiring excessive bail, except that in any case where a person has been sentenced to death, a writ of error shall lie from the Supreme Court."* (emphasis added).

The statute does not purport to make the decision of the Court of Appeals final in a bail proceeding. It merely delineates the court to which an appeal is to be taken in a noncapital case as well as in a case where a death sentence has been imposed. In addition, the statute addresses only cases where bail has been refused or excessive bail required. It does not speak to the question whether the Commonwealth may appeal to this Court when the prisoner successfully has appealed to the Court of Appeals.

Consequently, we sustain the jurisdiction of this Court in the present proceeding.

The final question presented is whether the Court of Appeals erred in determining that the trial court abused its discretion in denying the prisoner post-conviction bond. Before addressing that issue, the Attorney General contends that the order of the Chief

Judge, acting alone, which allowed for post-conviction release of defendant on bail was "jurisdictionally invalid," because the judge's authority is limited to awarding an appeal on the bail issue, the merits of such appeal to be ultimately decided by a panel of the court. In support of that contention, made for the first time during this appeal, the Attorney General relies on the following authority: Code § 19.2-319, providing that review of a trial court's decision concerning bail pending appeal is by "writ of error from the Court of Appeals. . . .," and Code § 17-116.02(B), providing that the Court of Appeals "shall sit in panels of at least three judges each" and that the "presence of all judges in the panel shall be necessary to constitute a quorum." The Attorney General notes several instances where one Court of Appeals judge may decide the merits of a case. For example, the argument goes, "it seems" that one judge is authorized to rule on the action of a circuit court in an injunction, *see* Code § 8.01-626, and "it appears" that an individual judge may be authorized to review *pretrial bail, see* Code § 19.2-124. Nevertheless, he contends, one judge lacks authority to decide the merits of an appeal regarding post-conviction bail; such judge only has authority in such a case to grant a petition for a writ of error and award an appeal pursuant to Code § 17-116.05:2(C).

In our mandate awarding this appeal, we specifically limited the issues to two questions posed in the order. The question whether a Court of Appeals judge, acting alone, may properly rule on the merits in a post-conviction bond proceeding was not among them. In addition, the alleged statutory violations here do not involve a question of jurisdiction over the subject matter which may be noted for the first time on appeal. *See Wilson* v. *State Highway Commissioner,* 174 Va. 82, 93-94, 4 S.E.2d 746, 751 (1939). By virtue of Code § 19.2-319, providing that a writ of error shall lie from the Court of Appeals to any judgment of a circuit court refusing bail, the ingredients of subject-matter jurisdiction were present when defendant's "Motion," treated as a petition for appeal, was filed. The Court of Appeals had power over a case of this nature as well as the relief sought, and the type of judgment entered was within the court's power. *See Barnes* v. *American Fertilizer Co.,* 144 Va. 692, 706, 130 S.E. 902, 906 (1925). Accordingly, we do not reach the procedural issue dealing with the action of an individual judge.

Turning to the matter of the Court of Appeals' judgment upon the trial court's exercise of discretion, we must recite additional facts. When arrested on the charge for which he ultimately was convicted, defendant was in an automobile which contained a suitcase bearing his name, address, and telephone number. There were 10.5 pounds of cocaine of an approximate street value of $1.5 million inside the suitcase. The jury fixed defendant's punishment at the maximum permitted by statute. When defendant's attorney moved the trial court to permit his client to remain free on bond pending appeal, the trial judge said, "This is a serious, serious case. One of the biggest cases I guess I have ever tried, if you forget capital murder. . . ." The trial judge further said that if he had tried the case without a jury, he would have fixed the same punishment. The trial judge also noted that defendant had been charged with assaulting a witness for the prosecution.

During the hearing in the Court of Appeals, defendant's attorney did not contest the sufficiency of the evidence to convict on the charge. Instead, he indicated that the issue on appeal would be the legality of a wiretap which had produced all the evidence against the defendant. At the hearing, the Commonwealth's Attorney represented that the defendant previously had escaped from custody; that during investigation of the offense defendant had managed to travel to Florida twice without the investigator's knowledge, even though three of his telephone lines were being monitored; that defendant's real and personal property was subject to levy for unpaid taxes; and that defendant had no legitimate occupation. It was undisputed that defendant had extensive family ties in the local area and that he had been free on bond without incident for about nine months before trial.

The Attorney General contends that the Court of Appeals erred in reversing the trial court's decision to deny bail pending appeal. We agree.

Code § 19.2-319, *supra*, grants the trial court discretion in felony cases whether to admit a convicted defendant to bail pending appeal. This power to grant bail contemplates that it will be exercised with a reasonable discretion, and unless it appears to an appellate court that such discretion has been abused, the appellate court should not disturb the action of the trial court. *Robinson* v. *Commonwealth*, 190 Va. 134, 144, 56 S.E.2d 367, 372 (1949); *Judd* v. *Commonwealth*, 146 Va. 276, 135 S.E. 713 (1926). As in any appellate proceeding, review must be based on the record

made in the trial court. The appellate court must not conduct a *de novo* hearing or substitute its judgment for that of the trial court.

▇ We hold under these facts that the trial court did not abuse its discretion in refusing post-conviction bail. Aside from the fact that it appears the Court of Appeals conducted a *de novo* hearing, the record of what the trial judge knew at the time he denied bail satisfies us that he properly exercised his judicial discretion in refusing to release the defendant, and the Court of Appeals erred in deciding to the contrary. The nature and circumstances of the offense, the fact of conviction, the quantum of punishment assessed, defendant's lack of employment, defendant's record of escape, and defendant's apparent propensity for violence are factors which justify the trial court's action in this case.

For these reasons, the order of the Court of Appeals granting bail will be reversed and defendant's request for bail pending appeal will be dismissed.

*Reversed and final judgment.*

CARRICO, C.J., dissenting.

Article VI, § 1 of the Constitution of Virginia states that "[n]o appeal shall be allowed to the Commonwealth in a case involving the life or liberty of a person, except . . . in any court involving the violation of a law relating to the State revenue." Yet, the majority holds today that the Commonwealth may appeal an order letting a defendant to bail in an ordinary criminal case. I think such an order involves the "liberty of a person" and, hence, that the majority's holding offends art. VI, § 1. I would dismiss this appeal as improvidently awarded and not reach the other questions involved in the case.

POFF, J., concurring in part and dissenting in part.

The majority *reverses* the judgment entered below on the ground the circuit court did not abuse its discretion. I concur in the result, but I would *vacate* the judgment as void for want of jurisdiction.

One of the questions expressly raised in this Court was whether an individual judge of the Court of Appeals has jurisdiction to review a circuit court's denial of post-conviction bail. The majority

decides not to consider that question because it was not raised below. I dissent from that decision. In my view, the issue is properly before this Court and should be adjudicated.

As the majority observes, "a question of jurisdiction over the subject matter . . . may be noted for the first time on appeal." A circuit court has jurisdiction over an application for post-conviction bail. This is jurisdiction over the subject matter. The Court of Appeals has collective jurisdiction to review a circuit court's denial of post-conviction bail. Code § 19.2-319. This is jurisdiction over the subject matter. Obviously, the question whether an individual judge of the Court of Appeals has jurisdiction to review a circuit court's denial of post-conviction bail is a question of subject-matter jurisdiction.

"A judgment rendered by a court which had no jurisdiction of the subject matter is a nullity, and may be so treated by all persons, anywhere, at any time and in any manner." *Shelton* v. *Sydnor*, 126 Va. 625, 630, 102 S.E. 83, 85 (1920). Indeed, "the want of such jurisdiction of the trial court will be noticed by this court *ex mero motu.*" *Id.*

The Court of Appeals cannot bestow upon one of its members the jurisdiction conferred upon it by Code § 19.2-319. "Jurisdiction of the subject matter can only be acquired by virtue of the Constitution or of some statute." *Id.* at 629, 102 S.E. at 85. Nothing in the Constitution or statutory law of this Commonwealth vests a single judge of *any* appellate court with jurisdiction to review denial of post-conviction bail.

It is true that the General Assembly has granted single judges and justices of the appellate courts jurisdiction to review a decision of a lower court denying pre-trial bail to an accused. Code § 19.2-124 provides that "[i]f a . . . judicial officer denies bail to an accused . . . the accused . . . may appeal therefrom successively to the next higher court or judge". Significantly, that statute makes no mention of denial of bail to an accused whose presumption of innocence has been rebutted by conviction.

Apparently, the majority feels, as I do, that the law should be otherwise. But the General Assembly writes the law, and whenever, as here, the law is properly called into question in this Court, we should interpret and apply it as it was written, not as we think it should have been written.