# CIRCUIT COURT OF THE CITY OF RICHMOND

Commonwealth of Virginia

v.

Willard Smith

June 25, 1999

Indictment for Maiming: F-97-1303

BY JUDGE MARGARET P. SPENCER

On August 28, 1997, the defendant was convicted of maiming and sentenced to twenty years incarceration with sixteen years suspended. He appealed, claiming the evidence was insufficient to support his conviction. On March 2, 1999, the Court of Appeals agreed, reversed the judgment of this Court, and dismissed the indictment.

The Commonwealth filed a petition for rehearing and a petition for rehearing en banc. On May 12, 1999, the Court of Appeals denied the Commonwealth's petitions. On June 11, 1999, the Commonwealth filed a Petition for Appeal to the Supreme Court of Virginia. The defendant has been incarcerated since March 28, 1997, the date of his arrest. On June 7, 1999, he petitioned this Court for bond pending the Commonwealth's appeal. The Commonwealth filed a response on June 23, 1999. Upon consideration of the petition, the response, the oral arguments, and the applicable law, the petition is hereby granted.

The threshold issue is whether this Court has jurisdiction to grant an appeal bond while the Commonwealth is appealing the Court of Appeals reversal of defendant's conviction. The defendant alleges *Smith v. Commonwealth*, 230 Va. 354, 337 S.E.2d 278 (1985), supports this Court's authority to grant an appeal bond. The Commonwealth claims the defendant is not entitled to an appeal bond because (1) the Court of Appeals has not issued a mandate reversing the conviction and (2) the defendant did not

request suspension of the execution of his sentence pursuant to Virginia Code § 19.2-319.

A post-conviction proceeding is "separate and distinct from the main criminal prosecution." *Smith*, 230 Va. at 357. As an ancillary proceeding, it is routinely handled separately from appellate review of a defendant's conviction. *Id.* ("[A] bail proceeding is not an integral part of the guilt-innocence determination. Rather, it is ancillary to the criminal prosecution.") Therefore, in this case, the absence of a mandate by the Court of Appeals does not preclude consideration of defendant's petition for an appeal bond.

Moreover, the defendant is eligible for an appeal bond, or post-conviction bail, because his sentence was suspended in part, on August 28, 1997, pursuant to § 19.2-303, Code of Virginia. "After conviction . . . the court may suspend imposition of sentence or suspend the sentence in whole or part and in addition may place the accused on probation . . . ." Section 19.2-319 authorizes post-conviction bail if "the sentence, or the execution thereof, is suspended in accordance with this section, or for any other cause." This statute does not limit post-conviction bail to those cases wherein a defendant requests suspension of the execution of sentence to apply for a writ of error. Indeed, a defendant is only entitled to the suspension provided in the first two paragraphs of § 19.2-319 if she needs a "fair opportunity to apply for a writ of error." *Strohecker v. Commonwealth*, 23 Va. App. 242, 251, 475 S.E.2d 844 (1966).

More importantly, the statute is remedial and must be liberally construed. See *Marshall v. Commonwealth*, 202 Va. 217, 219, 116 S.E.2d 270 (1960). An appeal bond is permissible here because this Court "suspended the sentence in whole or part" (§ 19.2-303), in compliance with the suspension "for any other cause" language in § 19.2-319.

Upon careful consideration of all factors relevant to whether the defendant will appear when required to do so and whether the defendant's liberty will constitute an unreasonable danger to himself and the public, this Court finds that a $10,000 bond is appropriate. If defendant is released on bond, he must present himself at the Richmond City Jail on the Monday following any affirmance of his conviction by the Virginia Supreme Court.