# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## JUDD, No. 2, v. COMMONWEALTH.

### November 23, 1926.

1. BAIL AND RECOGNIZANCE—*Felony—Right to Bail After Conviction.*—Prior to the Code of 1919, bail was permissible after conviction of a felony. But the revisors, in section 4930 of the Code of 1919, omitted the provision for bail after conviction of a felony. The legislature, however, restored the provision omitted by the revisors (section 4930 of the Code of 1924) and permitted bail in the discretion of the trial court in felony cases after conviction.

2. BAIL AND RECOGNIZANCE—*Felony—Right to Bail After Conviction—Discretion.*—While the trial court, by section 4930 of the Code of 1924, is vested with discretion as to granting bail after conviction of a felony, it is not an arbitrary discretion, but a sound judicial discretion. The trial court may agree with the revisors that bail ought never to be granted to the prisoner after conviction of felony, but it has no right to disregard the legislative policy of the State.

3. BAIL AND RECOGNIZANCE—*After Conviction of a Felony—Right to Bail After Conviction—Writ of Error and Supersedeas.*—Where the accused has been convicted of a felony, the mere granting of the writ of error and supersedeas constitutes a reason for consideration of the motion for bail, but the discretion to grant or refuse such bail still rests with the trial court, subject to review, and there are cases in which bail should be refused notwithstanding the pendency of the writ of error.

Error to a judgment of the Circuit Court of Rockingham county.

*Writ dismissed.*

The opinion states the case.

*Chas. A. Hammer*, for the plaintiff in error.

*John R. Saunders, Attorney General, Leon M. Bazile*, and *Lewis H. Machen, Assistant Attorneys General*, for the Commonwealth.

PER CURIAM.

The plaintiff in error was convicted of seduction and sentenced to be confined in the penitentiary for two years and a half. A writ of error was granted by this court to the judgment of conviction. After this writ of error was granted, the plaintiff in error applied to the judge of the trial court for bail for his appearance before the trial court, upon the final determination of the writ of error aforesaid, but bail was refused him. To this judgment of refusal a writ of error was awarded by one of the judges of this court.

[1] Prior to the Code of 1919, bail was permissible after conviction of a felony, but the revisors thought that "in felony cases the prisoner should not be let to bail after conviction and sentence" (note to section 4930), and omitted from the statute the provision allowing bail in felony cases after conviction and sentence. This action of the revisors did not meet with the approval of the General Assembly, and it restored the provision omitted by the revisors by Acts 1920, page 241. Other changes were made in section 4930 by Acts of 1926, page 462, but they do not affect the question now under consideration. The act of 1920 clearly indicates a legislative policy to permit bail, in the discretion of the trial court, in felony cases, after conviction.

[2] While the trial court is thus vested with discretion in such cases, it is not an arbitrary discretion, but a sound judicial discretion. The trial court may agree with the revisors that bail ought never to be granted to the prisoner after conviction of felony, but he has no right to disregard the legislative policy of the State.

[3] In this case, the question has become immaterial because the conviction of the accused has been affirmed

at this term. In such cases, where the accused has been convicted of a felony, the mere granting of the writ of error and supersedeas constitutes a reason for consideration of the motion for bail, but the discretion to grant or refuse such bail still rests with the trial court, subject to review, and there are cases in which bail should be refused notwithstanding the pendency of the writ of error in this court.

*Writ dismissed.*