## Richmond

FRANKLIN MARSHALL DOWELL

v.

COMMONWEALTH OF VIRGINIA

No. 1567-87-2

Decided May 3, 1988

226

COUNSEL

Robert H. Blodinger, for appellant.

Lindsay G. Dorrier, Jr., Commonwealth's Attorney, for appellee.

OPINION

**BENTON, J.**—Franklin Marshall Dowell appeals from the order of the Circuit Court of Albemarle County denying bail during the appeal of his abduction and trespass convictions. Marshall was sentenced to ten years imprisonment, with five years suspended, on the abduction conviction and to twelve months in jail on the trespass conviction. Upon review of the record and in consideration of the arguments of counsel for Dowell and the Commonwealth, we conclude that the trial judge abused his discretion by giving primary consideration to insubstantial factors in deciding

the bail question.

The trial judge determined that Dowell's "well-being" was the primary factor in his decision to deny bail. He expressed his concern regarding Dowell as follows:

> There's a lack of continuity which can be very damaging to the defendant when he is called upon after having been convicted and sentenced and then again released on bond to have to be brought back in to serve his sentence. It's a terrible thing to have to readjust his life, when an appeal if unsuccessful would simply call upon him to serve his sentence later when he's gotten his affairs in a state that would be very damaging by being disrupted again. At the stage where he was committed to jail, the Court considered this a case which obviously would require the imposition of jail time, and any delay would actually work to the detriment of the defendant, and particularly in light of the fact that a good bit of it, if not all of it, could be served in a local jail facility rather than in the state penitentiary system, taking into account his age. All of that has been involved in the Court's disposition of the case. It would be very unsettling for him a year from now or six months from now to be disrupted in his lifestyle and have to go back in and serve a sentence which if the Court found on appeal should be affirmed, whereas the appeal could be processed, he would have the jail time to be facing, the Court having reduced the felony in the breaking and entering down to a trespass case, would seem to me to be less damaging to the defendant to face the jail time now and let the appeal be processed, and for that reason the Court thinks it would be an advantage to let the defendant serve it here, rather than to pick it up six months or however long it might be from now, and simply to deal with what would be a final sentence. The Court could no longer have any control over it. It would simply be an order issued to pick the defendant up, have him incarcerated to serve his sentence. That has come up in many instances, and it can be a hardship, a definite hardship, where a young person has in a sense had his hopes raised to think that he's ready to go about his life in a different fashion, only to be disrupted to serve a sentence later. All of that leads the Court to deny bond, and after having the defendant of course convicted, that is not unusual

for the defendant to be placed in custody to start serving his sentence.

He further added:

I'm thinking of the defendant's well-being mostly. It's not a question of his being such a threat, but you do have to take into account the effect on the victim, and I did hear from her some rather distressing reactions, although that's—as I indicated to her, it's not altogether the defendant's doing. That's part of the subjective reaction that she's had, but it's very understandable, so that in effect her peace of mind is at stake, as well as the defendant's well-being, and all those led the Court to deny bond then and the same reasons cause the Court to again deny it.

We do not express any criticism of the trial judge's obvious concern for the well being of the defendant and the peace of mind of the victim; however, we conclude that those factors standing alone and as articulated by the trial judge provide an insufficient foundation to support the denial of bail.

Code § 19.2-319 is the statutory basis upon which the trial court entertains requests for the granting of post-conviction bail. That statute mandates the circuit court to postpone execution of sentence when a convicted defendant indicates an intention to appeal. It further provides that the judge "may, and in any case of a misdemeanor shall, let the prisoner to bail in such penalty and for appearance at such time as the nature of the case may require." Code § 19.2-319. This statutory grant of power to the trial judge to allow post-conviction bail following a felony conviction "contemplates that it will be exercised with a reasonable discretion, and unless it appears to an appellate court that such discretion has been abused, the appellate court should not disturb the action of the trial court." *Commonwealth v. Smith*, 230 Va. 354, 362, 337 S.E.2d 278, 282-83 (1985).

Unlike Code § 19.2-120 which governs pre-conviction bail, Code § 19.2-319 contains no general standards by which the exercise of discretion to grant or deny post-conviction bail may be measured. Although "post-conviction bail is generally less liberally accorded than in the pretrial stage," *State ex rel. Bennett v. Whyte*, 163 W. Va. 522, 529, 258 S.E.2d 123, 127 (1979), the

statute requires the trial judge to exercise "not an arbitrary discretion, but a sound judicial discretion." *Judd No. 2 v. Commonwealth*, 146 Va. 276, 277, 135 S.E. 713, 714 (1926). The primary test for determining whether the defendant should be released following a felony conviction still requires the trial court to consider questions essential to all bail decisions — whether the defendant will appear for hearing or at such other time and place as may be directed and whether the defendant's liberty will constitute an unreasonable danger to himself and the public. *See Chambers v. Mississippi*, 405 U.S. 1205, 1206 (1972); *Sellers v. United States*, 89 S. Ct. 36, 38-39 (1968); *State ex rel. Bennet v. Whyte*, 163 W. Va. at 529, 258 S.E.2d at 127; *see also* Code § 19.2-120. The decision to grant or deny bail should be made by the trial judge upon consideration of the evidence and the total record, including factors such as "[t]he nature and circumstance of the offense, the fact of conviction, the quantum of punishment assessed, defendant's . . . employment [status], defendant's record of escape [, if any,], and defendant's . . . propensity for violence, [if any]." *Smith*, 230 Va. at 363, 337 S.E.2d at 283.

Obviously, these are not the only factors which the trial judge may consider in determining whether to grant post-conviction bail. The trial judge may find relevant the age of the defendant, his health, his ties to the community, the pendency of other charges against the defendant, and other factors relevant to whether the defendant will appear when required to do so and whether the defendant's liberty represents an unreasonable danger to himself and the public. Because each case has its own unique factors, precise rules cannot be formulated. However, whatever factors are used and considered determinative must bear upon the essential questions whether the defendant will appear at further proceedings when required to do so and whether the defendant represents an unreasonable danger to himself and the public.

Applying these criteria and factors to this case, we conclude that the denial of bail was based upon a conclusion that, although Dowell was "not such a threat," Dowell's "well-being" and the "peace of mind" of the victim were determinative. We hold that denial of bail for those reasons was not based upon an exercise of sound judicial discretion. Accordingly, we remand this matter to

the trial judge for reconsideration based upon the criteria and factors set forth herein.

*Reversed and remanded.*

Baker, J., and Cole, J., concurred.