COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Humphreys and Agee
Argued at Salem, Virginia


ANTHONY WAYNE ROSS

MEMORANDUM OPINION[*] BY
v.    Record No. 1581-00-3          JUDGE G. STEVEN AGEE
                                      MARCH 13, 2001
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
James F. Ingram, Judge

Joseph R. Winston, Special Appellate Counsel
(Public Defender Commission, on brief), for
appellant.

(Mark L. Earley, Attorney General; Richard B.
Smith, Senior Assistant Attorney General, on
brief), for appellee.  Appellee submitting on
brief.


Anthony Wayne Ross (appellant) was convicted of two counts

of distribution of cocaine in a bench trial; he was sentenced on

March 3, 2000, to serve a total of twenty years in prison, with

four years suspended, and to pay a fine of $1,000.  On May 31,

2000, Ross moved the circuit court to set bail pending his

appeal.  The court denied bond, and Ross appeals that denial to

this Court.  He alleges that the judge implied at the hearing

his ruling would be based on his determination that it would not

be in Ross' best interest to be free and, therefore, the denial

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

was an abuse of discretion.  For the reasons set forth below, we affirm the trial court's decision.

## I.

## BACKGROUND

On the motion to set bail, the appellant's wife testified that Ross was born and raised in Danville and has extensive family in the area.  Mrs. Ross testified that while out on bond, the appellant would reside with her in their Danville home.  The trial court also heard that Ross had two crushed wrists for which he required surgery and a crushed foot for which he was undergoing treatment.  Ross said that upon being released on bond he would undergo the requisite surgery and treatment.  At the hearing the trial court stated that it did not consider Ross a flight risk.

To be weighed against the family and health factors was the court's knowledge of the appellant's extensive criminal history.  Ross had been convicted of several felonies:  shooting into an occupied vehicle in 1991 and possession of cocaine in 1993, 1994 and 1999.  Ross had also been convicted of numerous misdemeanors.  On May 31, 2000 the trial court entered its order denying the appellant's release on bail pending appeal "for the following reasons:  (1) Due to the circumstances and nature of the offenses and (2) The defendant's prior record."

-

II.

ANALYSIS

> Code § 19.2-319 . . . grants the trial court
> discretion in felony cases whether to admit
> a convicted defendant to bail pending
> appeal.  This power to grant bail
> contemplates that it will be exercised with
> a reasonable discretion, and unless it
> appears to an appellate court that such
> discretion has been abused, the appellate
> court should not disturb the action of the
> trial court.

Commonwealth v. Smith, 230 Va. 354, 362, 337 S.E.2d 278, 282-83

(1985) (citation omitted).  A trial judge may consider

> the evidence and the total record, including
> factors such as "[t]he nature and
> circumstance of the offense, the fact of
> conviction, the quantum of punishment
> assessed, defendant's . . . employment
> [status], defendant's record of escape[, if
> any], . . . defendant's . . . propensity for
> violence[, if any,] . . . age of the
> defendant, his health, his ties to the
> community, . . . and other factors relevant
> to whether the defendant will appear when
> required to do so and whether the
> defendant's liberty represents an
> unreasonable danger to himself and the
> public.

Dowell v. Commonwealth, 6 Va. App. 225, 229, 367 S.E.2d 742, 744

(1988) (citations omitted).

While the trial court stated that it had no concern about

the appellant's future appearances, it was charged with also

making a determination as to whether the appellant posed a

danger to himself or the public.  In making such a

determination, the trial court may consider the appellant's

-

medical condition and weigh those issues against the other factors such as the nature and circumstances of the crimes the appellant committed (distribution of cocaine, subsequent offenses), the appellant's extensive criminal record and propensity to commit additional criminal acts, and the length of incarceration imposed.

The trial court determined that an appeal bond should be denied due to the nature and circumstances of the offenses and the appellant's prior criminal history, as expressly stated in its order of May 31, 2000. A trial court speaks only through its written orders. McBride v. Commonwealth, 24 Va. App. 30, 35, 480 S.E.2d 126, 128 (1997). Such factors, as cited in the trial court's order, bear on the question of whether the appellant posed a danger to himself or the public. Therefore, the trial court did not abuse its discretion by denying the appellant's motion for an appeal bond.

Accordingly the decision of the trial court is affirmed.

Affirmed.

-