COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Elder and Bumgardner
Argued at Salem, Virginia


MICHAEL JOSEPH STATON

MEMORANDUM OPINION[*] BY
v.    Record No. 2055-01-4        JUDGE LARRY G. ELDER
                                      DECEMBER 11, 2001
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF STAFFORD COUNTY
Ann Hunter Simpson, Judge

Cary S. Greenberg (Edward S. Rosenthal; A.
Lewis Lowery, Jr.; Rich Greenberg Rosenthal &
Costle, LLP; Rinehart, Lowery, Strentz &
Butler, P.L.C., on briefs), for appellant.

Linwood T. Wells, Jr., Assistant Attorney
General (Randolph A. Beales, Attorney
General, on brief), for appellee.


Michael Joseph Staton (appellant) appeals from a decision

of the Stafford County Circuit Court (trial court) denying his

motion for bail pending appeal of his convictions for two counts

of indecent liberties in violation of Code § 18.2-370.1, two

counts of aggravated sexual assault in violation of Code

§ 18.2-67.3, and one count of object sexual penetration in

violation of Code § 18.2-67.2.  We hold that Code § 19.2-319

gives a court broad discretion in determining whether and under

what circumstances to grant bail pending appeal and that the

_____

    * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

trial court erred in concluding it lacked authority to condition appellant's release on bail, inter alia, on his participation in an electronic home monitoring program.  Thus, we reverse the trial court's denial of appellant's bail request and remand for further proceedings consistent with this opinion.[1]

"Code § 19.2-319 is the statutory basis upon which the trial court entertains requests for the granting of post-conviction bail."  Dowell v. Commonwealth, 6 Va. App. 225, 228, 367 S.E.2d 742, 744 (1988).  Determining whether a defendant should be released on bail pending the appeal of a felony conviction "requires the trial court to consider questions essential to all bail decisions -- whether the defendant will appear for hearing or at such other time and place as may be directed and whether the defendant's liberty will constitute an unreasonable danger to himself and the public."  Id. at 229, 367 S.E.2d at 744.  "This statutory grant of power . . . 'contemplates that it will be exercised with a reasonable discretion, and unless it appears . . . that such discretion has been abused, the appellate court should not disturb the action of the trial court.'"  Id. (quoting

---

[1] Although we reverse and remand, we note that the trial court is not bound by its initial determination to grant bail conditioned upon electronic home monitoring and remains free to determine anew whether appellant's release is appropriate under Dowell v. Commonwealth, 6 Va. App. 225, 229, 367 S.E.2d 742, 744 (1988).

-

<u>Commonwealth v. Smith</u>, 230 Va. 354, 362, 337 S.E.2d 278, 282-83 (1985)).

Here, although it was within the trial court's discretion to reconsider its earlier bail determination and to conclude that appellant's release on any terms constituted an unreasonable danger to the public, the court erroneously concluded that Code § 53.1-131.2 prevented it from requiring participation in an electronic home monitoring program as a condition of bail. Code § 53.1-131.2 covers a trial court's use of a home/electronic incarceration program only as a condition of bail "pending trial" and "as a condition of probation." It does not address the circumstances under which a trial court may use electronic home monitoring as a condition of bail pending appeal. Thus, the provisions of that code section prohibiting the use of home monitoring for individuals convicted of particular categories of crimes do not apply, and the trial court had broad discretion under Code § 19.2-319 to condition appellant's release pending appeal on any combination of conditions it thought necessary and appropriate to satisfy the <u>Dowell</u> concerns. <u>See</u> 6 Va. App. at 229, 367 S.E.2d at 744. Such conditions may include electronic home monitoring if a satisfactory program is available that addresses the trial judge's concerns.

For these reasons, we hold the trial court erroneously concluded that it could not employ electronic home monitoring as

-

a condition of bail pending appeal, and we remand for the trial court to consider anew whether appellant's release is appropriate under <u>Dowell</u> if subject to this condition or any others, alone or in combination.

<u>Reversed and remanded.</u>