COURT OF APPEALS OF VIRGINIA

Present:    Judges Frank, McClanahan and Haley
Argued by teleconference


COMMONWEALTH OF VIRGINIA

MEMORANDUM* OPINION BY
v.        Record No. 2931-07-3        JUDGE ELIZABETH A. McCLANAHAN
APRIL 8, 2008
KERRY DONNELL LEE, JR.


FROM THE CIRCUIT COURT OF THE CITY OF BRISTOL
Larry B. Kirksey, Judge

Alice T. Armstrong, Assistant Attorney General II (Robert F.
McDonnell, Attorney General, on briefs), for appellant.

David L. Scyphers (Scyphers & Austin, P.C., on brief), for appellee.


The Commonwealth of Virginia appeals from an order of the circuit court admitting

Kerry Donnell Lee, Jr. to pre-conviction bail.  On appeal, the Commonwealth contends the trial

court abused its discretion in finding the evidence sufficient to rebut the presumption that Lee

was a danger to the public and a flight risk.  We disagree and affirm the judgment of the trial

court.

On appeal, we review a trial court's decision whether to grant bail pre-conviction for

abuse of discretion.  See Fisher v. Commonwealth, 236 Va. 403, 411, 374 S.E.2d 46, 51 (1989).

In deciding whether to grant or deny bail, the trial court must exercise "not an arbitrary

discretion, but a sound judicial discretion."  Judd No. 2 v. Commonwealth, 146 Va. 276, 277,

135 S.E. 713, 714 (1926).  "In reviewing an exercise of discretion, we do not substitute our

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

judgment for that of the trial court. Rather, we consider only whether the record fairly supports the trial court's action." Beck v. Commonwealth, 253 Va. 373, 385, 484 S.E.2d 898, 906 (1997).

Code § 19.2-120 governs pre-conviction bail. Lee was charged with a third or subsequent offense of possession of a Schedule I or II controlled substance with intent to manufacture, sell, give or distribute it. Thus, in considering Lee's motion for pre-conviction bail, the trial court had to presume,[1] subject to rebuttal,[2] that no conditions of bail would reasonably assure Lee's appearance at trial or the safety of the public. After consideration of the factors enumerated in Code § 19.2-120(D), the trial court found that Lee had successfully rebutted the presumption, and granted Lee's motion for pre-conviction bail.

"We will not disturb the trial court's discretionary decision unless "it is clear that such discretion has been abused." Kennedy v. Commonwealth, 18 Va. App. 543, 549, 445 S.E.2d 699, 703 (1994). Because the record fairly supports the trial court's action, we hold its decision to grant pre-conviction bail was not an arbitrary discretion, but a sound judicial discretion.

Accordingly, we affirm the judgment of the trial court.

Affirmed.

---

[1] Code § 19.2-120(A) provides that a person charged with a criminal offense shall be admitted to bail unless the judicial officer determines there is probable cause to believe the accused will not appear as required or constitutes an unreasonable danger to himself or the public. Code § 19.2-120(B) also provides that "the judicial officer shall presume, subject to rebuttal, that no . . . conditions will reasonably assure the [accused's] appearance . . . or the safety of the public" if the accused is charged with, *inter alia*, a violation involving a Schedule I or II controlled substance if the person was previously convicted of a like offense.

[2] Code § 19.2-120(D) provides that, in determining whether, "for the purpose of rebuttal of the presumption against bail described in subsection B, whether there are conditions of release that will reasonably assure the appearance of the [accused] as required and the safety of the public," the trial court must consider the factors contained in subsection D and "such others as it deems appropriate."