COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Chaney and Lorish
Argued at Virginia Beach, Virginia


ANFERNEE MALIK WIGGINS

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0300-21-1                      JUDGE ROBERT J. HUMPHREYS
                                                    MAY 31, 2022

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
John R. Doyle, III, Judge

Bret D. Lee (Meredith M. Ralls; Benjamin Griffitts; Robinson Law
PLLC, on briefs), for appellant.

Justin B. Hill, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Anfernee Wiggins was convicted of three counts of aggravated sexual battery of a victim

under the age of thirteen, in violation of Code § 18.2-67.3.  He was sentenced to fifteen years of

incarceration with six years suspended, for a total active sentence of nine years.  Following

sentencing, Wiggins requested that the circuit court release him on post-conviction bail pending

appeal, and the circuit court denied his motion.  Wiggins appealed to this Court asserting that the

circuit court erred by denying bail.

## I.  BACKGROUND

Aaron Kennedy was friends with Anfernee Wiggins.  Wiggins lived about a five-minute

walk away from Kennedy's home.  Kennedy had a minor daughter, A.K., and at least three times

between 2015 and 2018, Kennedy left A.K. in Wiggins' care while Kennedy stepped out to the

"corner store."  A.K. was seven to nine years old during the relevant time.  In the fall of 2018,

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

A.K. told her mother and school counselor that she had been sexually assaulted by Wiggins while in his care.

A.K., who was twelve years old at the time of trial, testified about Wiggins' assaults on her. Wiggins had touched her breasts and genitalia with his penis and hands multiple times and partially penetrated her vagina with his penis. Wiggins also had required A.K. to hold his erect penis in her hands.

Wiggins was indicted on three counts of aggravated sexual battery of a victim under the age of thirteen. The circuit court granted Wiggins bail, and he remained on bail until trial.

Following a bench trial, the circuit court stated on the record that it found A.K.'s testimony credible. The circuit court found Wiggins guilty of three charges of aggravated sexual battery and ordered a psychosexual evaluation of Wiggins to be completed before sentencing.

The psychosexual evaluation showed that Wiggins met the criteria for pedophilia disorder, and the evaluator found that Wiggins was at an average risk to reoffend.[1] At the sentencing hearing, the Commonwealth pointed out that A.K., in her victim statement, said that her father was still living "down the street" from Wiggins. A.K. reported that she sometimes saw Wiggins and when that happened, her heart would beat very quickly, and it was hard for her to breathe.

As noted, the circuit court ultimately sentenced Wiggins to fifteen years of incarceration with six years suspended, so Wiggins' active sentence to be served was nine years long. Wiggins asked the circuit court to release him on bond pending his appeal. Wiggins argued that he was no "more of a danger to the community than when he's been on pretrial release."

---

[1] Portions of the record in this case were sealed by order of the circuit court in accordance with Code § 19.2-299. To the extent that this opinion mentions facts found in the sealed record, we unseal those portions of the record relevant to the decision in this case. The remainder of the record remains sealed.

Wiggins also noted that he had had no contact with A.K. or her family while on pretrial bond.

The circuit court denied the motion:

> The issue the [c]ourt has at this point, of course, [is that] he's convicted of three convictions of aggravated sexual battery. One can say that's been the case since the trial as well, and that point will be well taken. At this point the [c]ourt now has all of this information with the psychosexual evaluation, the guidelines, things of that nature, and has imposed a nine-year sentence.

> It implemented many provisions concerning his treatment and supervision once he completes his sentence and is at liberty in the community. The request to remain on pretrial release supervision, there's no way for any of those measures to be implemented in the interim through pretrial supervision as it would be once he is released to probation and parole.

> The [c]ourt feels that to continue the defendant on bond after all of this information before the [c]ourt and he's been sentenced to an active nine-year sentence where he would just continue to be at liberty in the community without any sex offender treatment or special sex offender provisions of supervision, etc., with the expertise of probation and parole in implementing those measures and along with all of the recommendations of Dr. Wheeler to be implemented when he is released, I think, would be a mistake. So, I'm going to deny the motion for bond.

## II. ANALYSIS

### A. Standard of Review

The statute granting circuit courts the authority to allow post-conviction bail, Code § 19.2-319, "contemplates that [such authority] will be exercised with a reasonable discretion, and unless it appears to an appellate court that such discretion has been abused, the appellate court should not disturb the action of the trial court." *Dowell v. Commonwealth*, 6 Va. App. 225, 228 (1988) (quoting *Commonwealth v. Smith*, 230 Va. 354, 362 (1985)); *see also* Rule 5A:2(c) ("An order setting or denying bail pending appeal in a criminal case is reviewable for abuse of discretion."). "[T]he abuse of discretion standard requires a reviewing court to show enough deference to a primary decisionmaker's judgment that the court does not reverse merely because the

reviewing court would have come to a [different] result in the first instance." *Commonwealth v. Duse*, 295 Va. 1, 7 (2018) (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 212 (2013)).

Courts can abuse their discretion one of three ways: by disregarding a relevant factor that should have been given significant weight, by considering and giving significant weight to an irrelevant or improper factor, and by considering all proper factors and no improper ones but, in weighing those factors, committing a clear error in judgment. *See Lawlor*, 285 Va. at 213 (quoting *Landrum v. Chippenham & Johnston-Willis Hosps.*, 282 Va. 346, 352 (2011)).

We review the circuit court's bail determination for an abuse of discretion and defer to its factual findings unless such findings are plainly wrong or without evidence to support them. *See Secret v. Commonwealth*, 296 Va. 204, 224 (2018). "The sole responsibility to determine the credibility of witnesses, the weight to be given their testimony, and the inferences to be drawn from proven facts lies with the fact finder." *Ragland v. Commonwealth*, 67 Va. App. 519, 529-30 (2017). "That responsibility lies with the fact finder because '[t]his [C]ourt[,] sitting as an appellate court, and knowing nothing of the evidence or of the witness, except as it appears on the paper . . . [is] incompetent to decide on the credibility of the testimony.'" *Commonwealth v. McNeal*, 282 Va. 16, 22 (2011) (citation omitted). It is within the province of the fact finder to draw inferences from the proven evidence, so long as those inferences are reasonable and justified. *See Commonwealth v. Hudson*, 265 Va. 505, 514 (2003).

### B.  Whether the Circuit Court Abused Its Discretion

We begin by addressing Wiggins' contention that there was not a presumption against bail in this case. Code § 19.2-319, the statute governing post-conviction bail, states that

> [I]f the conviction was for a violent felony as defined in § 19.2-297.1 and the defendant was sentenced to serve a period of incarceration not subject to suspension, then the court shall presume, subject to rebuttal, that no condition or combination of conditions of bail will reasonably assure the appearance of the convicted person or the safety of the public.

On brief, Wiggins concedes that aggravated sexual battery is a violent felony under Code § 19.2-297.1 ("For the purposes of this section, 'act of violence' means (i) any one of the following violations . . . of Title 18.2: . . . criminal sexual assault punishable as a felony under Article 7 . . . ."). Wiggins argues, however, that the presumption against bail did not apply to him. He contends that the presumption against bail only applies to persons convicted of violent felonies who are sentenced to a mandatory minimum period of incarceration that cannot be suspended. Wiggins essentially asks us to interpret the phrase "not subject to suspension" as meaning receiving the "mandatory minimum punishment." Wiggins does not point to any caselaw or statutory authority to support his interpretation of Code § 19.2-319.

Assuming without deciding that the presumption against bail did not apply to Wiggins, we note that his contention that the circuit court erred by considering "facts not in evidence" and disregarding proper factors when denying bail is not supported by the record. Wiggins contends that the circuit court disregarded whether he would appear when required and whether he was an unreasonable danger to himself or the public. He also argues that the circuit court "abused its discretion by basing its decision solely on an 'improper factor' that was 'given significant weight.'" The "improper factor" he alleges is the circuit court's observation that Wiggins would not be able to receive sex offender treatment if he was released on bail.

Wiggins' argument is flawed. We have held that Code § 19.2-319 requires the circuit court judge to consider questions essential to all bail decisions, which are whether the defendant will appear at such other time and place as may be directed and whether the defendant's liberty will constitute an unreasonable danger to himself and the public. *See Dowell*, 6 Va. App. at 229. We note that "post-conviction bail is generally less liberally accorded than in the pretrial stage." *Id.* at 228 (quoting *State ex rel. Bennett v. Whyte*, 258 S.E.2d 123, 127 (W. Va. 1979)). The decision to grant or deny bail should be made by the circuit court after considering the evidence

and the "total record," including factors such as the nature and circumstance of the offense, the fact of conviction, the quantum of punishment assessed, a defendant's employment status, his record of escape, if any, and any propensity for violence. *See id.* at 229 (quoting *Smith*, 230 Va. at 363).

Although Wiggins asserts that the lack of sex offender treatment was an improperly-considered factor, whether Wiggins received treatment for his condition was directly relevant to whether he would be a danger to the public if released pending appeal. The circuit court noted that Wiggins had been on pretrial bond for two years prior to conviction; however, at the sentencing hearing, the circuit court had access to new information, namely, Wiggins' psychosexual evaluation results. The record establishes that Wiggins lived just minutes down the road from A.K.'s residence with her father. The psychosexual evaluation report established that Wiggins had an average chance of repeating the sexually violent crime of which he was convicted and that he met the criteria for a pedophilia diagnosis. The report also stated that Wiggins would benefit from sex offender treatment. In light of the information contained in the report, the circuit court denied Wiggins' bail because were he to be released, "he would just continue to be at liberty in the community without any sex offender treatment or special sex offender provisions of supervision, etc." These statements reveal that the circuit court was actively evaluating the safety of the community as it was required to do. In *Dowell*, we stated that "whatever factors are used and considered determinative must bear upon the essential questions [which are] whether the defendant will appear at future proceedings when required to do so and whether defendant represents an unreasonable danger to himself and the public." 6 Va. App. at 229. In this case, whether Wiggins received treatment *was* relevant to whether he possibly would reoffend and harm another person. The record establishes that the circuit court sufficiently evaluated community safety when weighing whether to grant Wiggins

post-conviction bail, and it properly considered whether Wiggins would be a danger to himself or the public; therefore, the circuit court did not abuse its discretion by denying post-conviction bail to a defendant who had sexually assaulted a child three times.

Because we hold that the circuit court did not abuse its discretion in denying bail on the grounds that Wiggins' liberty would constitute an unreasonable danger to the public, we need not review its evaluation of Wiggins' potential for failure to appear for later proceedings. In sum, the record does not establish that the circuit court erred by disregarding a relevant factor, by considering an irrelevant or improper factor, or by committing a clear error in judgment. *See Lawlor*, 285 Va. at 213.

### III. CONCLUSION

For these reasons, the circuit court did not abuse its discretion when it denied Wiggins post-conviction bail, and we affirm.

*Affirmed.*