COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges AtLee and Malveaux

CLETIS JULLIAN CAVE

v.     Record No. 0242-22-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
OCTOBER 18, 2022

FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
Ricardo Rigual, Judge

(Alexander Raymond, on brief), for appellant. Appellant
submitting on brief.

(Jason S. Miyares, Attorney General; Victoria Johnson, Assistant
Attorney General, on brief), for appellee. Appellee submitting on
brief.


Cletis Jullian Cave appeals a January 21, 2022 order denying his motion for bond under

Code § 19.2-319 pending appeal of his convictions for the following offenses: driving after

revocation of license for driving while intoxicated, subsequent offense, in violation of Code

§ 46.2-391(D)(3), driving while intoxicated after having been previously convicted of a

DWI-related felony, in violation of Code § 18.2-266, and refusal of a breath alcohol test, subsequent

offense within ten years, in violation of Code § 18.2-268.3. He argues that the trial court abused its

discretion in denying his motion because his convictions were not supported by the evidence, he

posed no danger to the community, and he "would likely" finish serving his sentence on the

underlying convictions before his appeal of those convictions concluded. For the following

reasons, we affirm the trial court's judgment.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *Ellis v. Commonwealth*, 75 Va. App. 162, 166 (2022) (quoting *Green v. Commonwealth*, 72 Va. App. 193, 197 n.1 (2020)). Doing so requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Commonwealth v. Cady*, 300 Va. 325, 329 (2021) (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

After midnight on September 4, 2020, Cave drove his car into the rear of a truck that was slowing to stop at an intersection. The driver of the truck, Juan Alejandro Rodriguez, approached Cave's car to see if he was injured. Rodriguez testified that the car's airbag had deployed and Cave, the only person in the car, was trying to open its door. Rodriguez returned to his truck and called 9-1-1. Virginia State Police Master Trooper David Lewis responded to the call and smelled a "heavy odor of alcohol" about Cave's person. In addition, Cave's speech was "slurred, [and] his eyes were glassy and bloodshot." Lewis wanted to move Cave's vehicle from the roadway, but Cave's keys would only unlock the door. The keyring had been "sprung open as if the key had been pulled apart." Lewis could not find the ignition key, and Cave refused to tell Lewis where it was. After Cave refused to perform field sobriety and breath tests, Lewis arrested him for driving under the influence of alcohol. At the jury trial, the Commonwealth introduced two videos from Lewis's dash camera, which depicted Cave "stumbl[ing]" and almost "fall[ing] over."

The jury convicted Cave of driving after revocation of license for driving while intoxicated, subsequent offense, driving while intoxicated after having been previously convicted of a DWI-related felony, and refusal of a breath alcohol test, subsequent offense within ten years. After a sentencing hearing, the trial court sentenced Cave to a total of six years and twelve months, with

four years and six months suspended. On October 13, 2021, Cave timely appealed his convictions to this Court.

On January 19, 2022, Cave moved the trial court to admit him to bail "pending his appeal" of the underlying convictions. At a hearing on the motion, Cave argued that there was "zero evidence" that he had been driving and "limited evidence" that he was intoxicated at the time of the collision. Accordingly, he was "very confident in his chances" on appeal. Cave conceded that he previously had been convicted of DUI and driving on a revoked license after a DUI. Nonetheless, he argued that because he "had zero violations" while on bond "for about fourteen months" on those charges, conditioned on wearing a "SCRAM" bracelet that would monitor his blood alcohol content, the trial court should grant him an appeal bond with the same condition. Cave also argued that his projected release date "might very well" come before his appeal of the underlying convictions was resolved.

The Commonwealth responded that Cave posed a danger to the community because he had been convicted three times of felony DUI. The Commonwealth also reminded the court that it had denied Cave's motion for pre-trial bond. Accordingly, the Commonwealth opposed Cave's motion.

The trial court stated that it "remember[ed]" the evidence "very well" and concluded that Cave's "contention that he wasn't intoxicated" was "absurd." The court recalled watching a video in which Cave was "tripping all over himself and slurring his words." In addition, the court found that the "[c]lear implication" of Lewis being unable to find the ignition key was that "Cave threw [it] in the woods." Thus, the court held that Cave "continues to be" a danger to the community and denied his request for an appeal bond. This appeal follows.

## II. ANALYSIS

Cave asserts that "the only argument against granting" him bond was that he posed a danger to the community. That danger, however, was mitigated by his willingness to wear a "SCRAM"

bracelet as a condition of his release. Moreover, because "he was fully compliant" with wearing a "SCRAM" bracelet in "past pretrial bonds," the court abused its discretion by placing "too much weight" on his dangerousness. Cave also argues that the trial court abused its discretion by denying his motion because "he believed that his convictions would be overturned on appeal," and he "would likely be released prior to his appeal being concluded."

We review a trial court's decision to deny bail under Code § 19.2-319 for abuse of discretion. *Strohecker v. Commonwealth*, 23 Va. App. 242, 250 (1996). "The trial court must exercise 'not an arbitrary discretion, but a sound judicial discretion.'" *Commonwealth v. Duse*, 295 Va. 1, 7 (2018) (quoting *Judd v. Commonwealth*, 146 Va. 276, 277 (1926)) (stating standard for pre-trial bail determinations). "[T]he abuse of discretion standard requires a reviewing court to show enough deference to a primary decisionmaker's judgment that the court does not reverse merely because the reviewing court would have come to a different result in the first instance." *Id.* (alteration in original) (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 212 (2013)). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." *Thomas v. Commonwealth*, 44 Va. App. 741, 753, *adopted upon reh'g en banc*, 45 Va. App. 811 (2005). The "three principal ways" a trial court can abuse its discretion are by (1) "fail[ing] to consider a relevant factor that should have been given significant weight," (2) "consider[ing] and giv[ing] significant weight to an irrelevant or improper factor," or (3) "commit[ting] a clear error in judgment" while weighing "all proper factors, and no improper ones." *Duse*, 295 Va. at 7 (citing *Lawlor*, 285 Va. at 213).

"[P]ost-conviction bail is generally less liberally accorded than in the pretrial stage." *Dowell v. Commonwealth*, 6 Va. App. 225, 228 (1988) (quoting *State ex rel. Bennett v. Whyte*, 258 S.E.2d 123, 127 (W. Va. 1979)); *see also Palmer v. Commonwealth*, 74 Va. App. 336, 342 (2022) (Raphael, J., concurring). Moreover, "[u]nlike Code § 19.2-120 which governs pre-conviction bail,

Code § 19.2-319 contains no general standards by which the exercise of discretion to grant or deny post[-]conviction bail may be measured." *Dowell*, 6 Va. App. at 228. Nonetheless, the "primary test" for determining whether a defendant should be released following conviction for a felony "still requires the trial court to consider questions essential to all bail decisions—whether the defendant will appear for hearing or at such other time . . . as may be directed and whether the defendant's liberty will constitute an unreasonable danger to himself and the public." *Id.* at 229 (citing *Chambers v. Mississippi*, 405 U.S. 1205, 1206 (1972)). The trial judge should consider all "the evidence and the total record, including factors such as '[t]he nature and circumstance of the offense, the fact of conviction, the quantum of punishment assessed,'" and the defendant's "'employment [status],'" "'record of escape,'" and "'propensity for violence.'" *Id.* (alterations in original) (quoting *Commonwealth v. Smith*, 230 Va. 354, 363 (1985)).

Here, the trial court did not abuse its discretion by denying Cave's motion for an appeal bond under Code § 19.2-319 as the record supports the trial court's finding that Cave would pose a danger to the community if released. Indeed, after having been convicted of driving under the influence three times and having his operator's license revoked, Cave again decided to drive while intoxicated and collided into the rear of Rodriguez's truck as it stopped at an intersection. Moreover, Cave, who was so intoxicated that he was "tripping all over himself and slurring his words," discarded his ignition key after the accident and refused to cooperate with Trooper Lewis's investigation. Thus, Cave's demonstrated persistence in driving under the influence despite significant court intervention supports a finding that his release would pose a danger to himself and the public. Although Cave contends that his dangerousness would be mitigated by a "SCRAM" bracelet, such a condition would not *prevent* Cave from driving while intoxicated and endangering the public. In addition, Cave's arguments that "he believed" his convictions would be overturned on appeal and that his sentence would be completed before his appeal was resolved are misplaced in

the context of a post-conviction motion for bail as they do not "bear upon the essential questions whether the defendant will appear at further proceedings when required to do so and whether [he] represents an unreasonable danger to himself and the public." *Id.* Thus, the record amply supports the trial court's conclusion that Cave should not be admitted to bail pending appeal because he would pose a danger to the community if released. Accordingly, we affirm the judgment of the trial court.

## III. CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed*.