PUBLISHED

## VIRGINIA:

*In the Court of Appeals of Virginia on* **Tuesday** *the* **14th** *day of* **March, 2023**.

Robert Lee Jeffrey, Jr., Appellant,

against           Record No. 1257-22-3
                    Circuit Court Nos. CR21-812, CR21-1095 and CR21-1096

Commonwealth of Virginia, Appellee.

Upon Hearing En Banc

From the Circuit Court of the City of Roanoke

Before Chief Judge Decker, Judges Humphreys, Beales, Huff, O'Brien, AtLee, Malveaux, Athey, Fulton, Ortiz, Friedman, Chaney, Raphael, Lorish, Callins and White

Whether to release on bail a defendant convicted of a felony is a challenging decision best left to the sound discretion of a trial judge. When a trial court properly considers the totality of the circumstances, including a petitioner's likelihood of success on appeal, we will not disturb the decision on whether to grant or deny post-conviction bail absent an abuse of discretion.

On September 27, 2022, Robert Lee Jeffrey, Jr., ("Jeffrey") requested review of the Circuit Court for the City of Roanoke's denial of post-conviction bail, pursuant to Rule 5A:2. On October 5, 2022, the majority of a three-judge panel of this Court found that the trial court abused its discretion in denying Jeffrey post-conviction bail and remanded the matter for further action. The Commonwealth requested en banc review of that decision and a stay pending full Court review. On October 14, 2022, the Court granted that request.

Jeffrey claims that the trial court abused its discretion when it denied him post-conviction bail.[1] The Commonwealth contends the trial judge correctly denied bail and asserts that Jeffrey's claim was waived by

---

[1] Jeffrey's original motion to review does not identify a specific ground or action that constituted an abuse of discretion. He subsequently argues in a supplemental brief that the trial court abused its discretion when it failed to consider the factors enumerated in Code § 19.2-121.

his failure to articulate how the circuit court abused its discretion in his motion for review. We assume without deciding that the objection was properly preserved. Based on our review of the applicable statute and controlling precedent, and considering Jeffrey's likelihood of success on appeal, we find the trial court did not abuse its discretion in denying Jeffrey's bail. We affirm.

## I. BACKGROUND

Robert Lee Jeffrey, Jr., was convicted of two felony counts of obtaining money by false pretenses after a jury trial and pled no contest to one count of felony embezzlement. The charges arose from Jeffrey's application for, and receipt of, $15,000 in CARES Act grants for his two businesses. Jeffrey ultimately embezzled over $200,000 from entities that one of his businesses managed.

On August 22, 2022, the trial court, in connection with his sentencing, conducted a hearing on Jeffrey's motion to withdraw his no contest plea. The trial judge denied the motion to withdraw and sentenced Jeffrey for his three convictions. Neither party offered any additional evidence at the hearing. During sentencing, the Commonwealth asserted that Jeffrey expressed no remorse for his actions, because he exploited funds earmarked to uplift Roanoke citizens after the devastation of COVID-19 for his personal gain and brazenly used these public benefits to maintain his lavish lifestyle through weekend trips, cash payments to women, and shopping excursions. Defense counsel highlighted Jeffrey's positive factors, including his history of devotion to public service and the minority community and his local spirit as a Roanoke native.

After considering all the evidence and argument of counsel, the trial court sentenced Jeffrey to eight years' imprisonment, suspending all but two years and six months.[2] After pronouncing Jeffrey's sentence and in response to his request for probation, the trial court made the following comment:

> And there was some mention of Mr. Jeffrey being remanded to custody
> following his conviction. It is the practice of this Court, in every single case, in
> which an individual in this community has been convicted of a felony crime to
> be remanded to custody; no matter who he is, she is, what color, race, sex, or
> gender. If you've been convicted of a felony, you're going to jail that day and I
> have done that every single time.

---

[2] The sentencing guidelines called for an active sentence between one year and nine months and four years and six months. Jeffrey's sentence was lower than the midpoint of the guidelines.

Jeffrey informed the court that he would be filing a notice of appeal and sought release on bail, pending his appeal of the convictions. The court stated that it would be "happy to hear [Jeffrey] on the bond request" and took up the matter at that time.[3]

In support of bail, Jeffrey noted that he was fifty-three years old, had no prior criminal record, suffered from stage four kidney disease requiring weekly dialysis, and had personal ties to Roanoke. The Commonwealth opposed the motion for bail, arguing that Jeffrey was a "financial predator" who preyed on nonprofit organizations and the City of Roanoke, and a three-time convicted felon, who would "endanger the community at large." After considering all arguments, the trial court denied Jeffrey's bail request, noting that he no longer enjoyed the presumption of innocence, that he had three felony convictions, that his actions were egregious, and that his likelihood of success on appeal were "in the court's estimation, zero." Jeffrey appealed the decision to deny him post-conviction bail.

## II. ANALYSIS

"Unlike Code § 19.2-120 which governs pre-conviction bail, Code § 19.2-319 contains no general standards by which the exercise of discretion to grant or deny post conviction bail may be measured." *Dowell v. Commonwealth*, 6 Va. App. 225, 228 (1988). Instead, the judge "may, and in any case of a misdemeanor shall, set bail in such penalty and for appearance at such time as the nature of the case may require." Code § 19.2-319. This statute contemplates that the trial court's grant of post-conviction bail "will be exercised with a reasonable discretion, and unless it appears to an appellate court that such discretion has been abused, the appellate court should not disturb the action of the trial court." *Dowell*, 6 Va. App. at 228. "[P]ost-conviction bail is generally less liberally accorded than in the pretrial stage." *Id.* The statute seems to

---

[3] Jeffrey filed a notice of appeal and notice of bond on the same day as the hearing, August 22, 2022.

suggest a defendant's sentence can be postponed to allow him to file his appeal, however, that is not at issue in this case.[4]

The decision to grant or deny bail post-conviction must be made by the trial judge upon a consideration of the totality of the record, considering factors such as "[t]he nature and circumstance of the offense, the fact of conviction, the quantum of punishment assessed, defendant's . . . employment [status], defendant's record of escape, and defendant's apparent propensity for violence." *Commonwealth v. Smith*, 230 Va. 354, 363 (1985). Other relevant characteristics include the "age of the defendant, his health, his ties to the community, the pendency of other charges against the defendant," in addition to other factors to determine whether "the defendant will appear when required . . . and whether the defendant's liberty represents an unreasonable danger to himself and the public." *Dowell*, 6 Va. App. at 229. We have explained that this is a case-by-case determination:

> Because each case has its own unique factors, precise rules cannot be formulated. However, whatever factors are used and considered determinative must bear upon the essential questions whether the defendant will appear at further proceedings when required to do so and whether defendant represents an unreasonable danger to himself and the public.

*Id.*

Today we apply these well-tested standards and affirm, for the reasons discussed below, that the likelihood of success on appeal is an additional factor a trial may properly consider. And we find here that the trial court appropriately considered the evidence before it and did not abuse its discretion when it denied Jeffrey's request for bail.

A. <u>The trial judge considered Jeffrey's circumstances in denying his post-conviction bail request.</u>

The record reveals that the trial court considered Jeffrey's dangerousness to the public, his three felony convictions, and the nature of his crime. While reasonable minds may differ about the degree to which

---

[4] Code § 19.2-319 grants discretion to postpone execution of a sentence for "such time as [the court] may deem proper" to "apply for a writ of error." However, this was not raised as an issue, and furthermore, Jeffrey retained counsel who filed this appeal.

he may be a danger to the public if released, the trial judge's rationale was not *unreasonable.* Unless the trial court abused its discretion by acting unreasonably, "the appellate court should not disturb the action of the trial court." *Id.* at 228. "This bell-shaped curve of reasonability governing our appellate review rests on the venerable belief that the judge closest to the contest is the judge best able to discern where the equities lie." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Sauder v. Ferguson*, 289 Va. 449, 459 (2015)). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." *Commonwealth v. Swann*, 290 Va. 194, 197 (2015) (quoting *Grattan v. Commonwealth*, 278 Va. 602, 620 (2009)). A trial court abuses its discretion by failing to consider a significant relevant factor, giving significant weight to an irrelevant or improper factor, committing a clear error of judgment, or making a mistake of law. *See Minh Duy Du*, 292 Va. at 564-65; *Lawlor v. Commonwealth*, 285 Va. 187, 213 (2013). The "abuse of discretion standard" requires this Court "to show enough deference to a primary decisionmaker's judgment that the Court does not reverse merely because it would have come to a different result in the first instance." *Lawlor*, 285 Va. at 212.

Following argument, the trial court made the following findings on the motion:[5]

> Let's be sure the record reflects the discretion that I'm exercising. And the discretion that I'm exercising is: One, Mr. Jeffrey no longer enjoys the presumption of innocence. He is now a three time convicted felon, having pled guilty to one crime, no contest, but pled guilty to one crime and out of a Jury of his peers in twenty-five minutes time convicted him of two additional felonies.
>
> Second, his actions and his egregious actions not only given his position, but his breach of the public trust to the citizens of this community, to the benefactors of the—of the nonprofits for which he served requires and deserves punishment. And punishment now.

_____

[5] Immediately following Jeffrey's sentencing, the court stated "[i]t is the practice of this Court, in every single case, in which an individual in this community has been convicted of a felony crime to be remanded to custody . . . . If you've been convicted of a felony, you're going to jail that day" and that it was a practice that the trial judge has done "every single time."

These comments were plainly neither in response to a motion for bail nor in a ruling on such motion. When counsel for Jeffrey announced he would be filing a notice of appeal and asked to be released on appeal bond, the court told him "I'd be happy to hear you on the bond request." This Court "will not fix upon isolated statements of the trial judge taken out of the full context in which they were made." *Yarborough v. Commonwealth*, 217 Va. 971, 978 (1977). As such, the earlier comments do not bear on our analysis.

> Third, insofar as the Court is concerned, the likelihood of success on the merits of any of these claims, on the Jury trial or on the case to which he pled guilty are, in the Court's estimation, zero.
>
> And [four]—given his actions in these cases, particularly his actions obtaining money and funds that were otherwise devoted to the less fortunate citizens of this community, I do find that he is a danger to the community. That is the Court's estimation from this guy sitting in the courtroom. So, for that reason, I deny the bond request.

The trial court considered "[t]he nature and circumstances of the offense, the fact of conviction, and the quantum of punishment assessed." *Smith*, 230 Va. at 363. Specifically, it noted the nature of his offense—embezzlement—and the circumstances of his offense—"breach[ing] [the] public trust" and violating his duties to the benefactors of nonprofit services. The trial court also considered Jeffrey's loss of the presumption of innocence. Finally, the trial court considered the quantum of punishment assessed for his three felony convictions and found that Jeffrey was a "danger to the community," despite Jeffrey's contention to the contrary.[6]

Due to the nature of Jeffrey's crimes, three felony convictions, and lack of remorse, the trial court held that Jeffrey would present a danger to the community if released. Such a finding is well within the "bell shaped curve of reasonability" and does not constitute an abuse of discretion.

B. Consideration of the likelihood of success on appeal in granting or denying post-conviction bail

In denying post-conviction bail, the trial court assessed the merits of Jeffrey's appeal, in addition to the totality of the record.[7] Today, we hold that a trial court can consider its own assessment of a criminal defendant's likelihood of success on appeal when granting or denying post-conviction bail pursuant to Code

---

[6] Jeffrey argued that he could not be a danger to the community because he was on dialysis three times a week. The trial court disagreed.

[7] The court concluded that: "[I]nsofar as the Court is concerned, the likelihood of success on the merits of any of these claims, on the Jury trial or on the case to which he pled guilty are, in the Court's estimation, zero."

§ 19.2-319, together with those factors articulated in *Smith* and *Dowell*.[8] This Court has previously noted that Code § 19.2-319 contains "no general standards" and that a "sound judicial discretion" is required. It is appropriate for our Court to illuminate what considerations are proper in exercising that discretion. *Dowell*, 6 Va. App. at 228-29.

The likelihood of success on appeal helps measure three essential questions relevant to granting bail: (1) whether a defendant will appear at further proceedings, (2) whether the defendant represents an unreasonable danger to himself and to the public, and (3) whether there is a risk of irreparable injury to the defendant. *See generally Dowell*, 6 Va. App. at 229.

Meritorious appeals necessarily create motivation to appear at future proceedings. Depending on the reason for the appeal, a meritorious appeal may also imply that a defendant is not an unreasonable danger to himself or the public. Moreover, if a defendant seeks bail for an appeal that wholly lacks merit, this may be a sign that the defendant is motivated by ulterior motives, like evading the sentence he already received.[9]

The possibility of release on bail pending appeal protects against the risk that a defendant will be irreparably injured by imprisonment *if* his conviction is ultimately reversed. If the defendant's conviction is not reversed, no injury has occurred. A defendant's likelihood of success on appeal, therefore, is a relevant factor to consider in determining whether a defendant should be released on bail pending appeal because it speaks directly to the risk of irreparable injury. If the appeal lacks merit, then the risk of injury is minimal, and there is less justification to grant bail. *See State v. Salmon*, 471 N.W.2d 286 (Wis. Ct. App. 1991) (discussing Wisconsin's consideration of likelihood of success on appeal in granting post-conviction bond).

---

[8] As noted above, the trial court may consider the "nature and circumstances of the offense, the fact of conviction, the quantum of punishment assessed, defendant's lack of employment, . . . record of escape, and . . . apparent propensity for violence," *Smith*, 230 Va. at 363, as well as age, health, community ties, pendency of other charges, and other factors that show whether "the defendant will appear when required . . . and whether [his] liberty represents an unreasonable danger to himself and the public," *Dowell*, 6 Va. App. at 229.

[9] In this case, the Commonwealth did make a factual concession that it did not believe Jeffrey to be a flight risk.

### 1. The historical consideration of likelihood of success

We have long considered the likelihood of success as a factor in the typical bail context. Dating back to English common law, the first Statute of Westminster issued in 1275 enshrined the "probability of conviction" as one of the criteria relevant to determining bail.[10]  Statute of Westminster, (1275) (Eng.). Modernly, Virginia Criminal Procedure requires a judicial officer to consider the "weight of the evidence" as a relevant factor to determining pre-trial release on bail.  Code § 19.2-120(B).

The relevance of the likelihood of success on appeal to a decision to deny or grant a post-conviction bail also parallels our framework for denying or granting a stay of judgment in a civil matter.  In determining whether to grant a stay, the factors enunciated in *Hilton v. Braunskill*, 481 U.S. 770 (1987), are most instructive: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (citing *Hilton*, 481 U.S. at 776).

It logically follows that this same consideration would apply in the post-conviction context as a relevant part of the totality of the circumstances to consider.

### 2. Other states' approach to post-conviction bail

The assessment of success on appeal is not a novel concept.[11]  In fact, statutes in many other jurisdictions expressly require post-conviction bail applicants to illustrate a reasonable case for appeal, and many also explicitly require the trial court to assess the likelihood of success on appeal when considering

---

[10] Westminster I, issued during the reign of Edward I, detailed which prisoners were eligible for release from custody pending trial.  The three criteria established include: (1) the nature of the offense (categorizing some offenses as non-bailable), (2) the probability of conviction, and (3) the criminal history of the accused.

[11] Since 1981, federal courts have considered whether an appeal is meritorious in granting post-conviction bail.  The federal standard, codified at 18 U.S.C. § 3143, requires judicial officers to deny bail pending appeal unless they find by "clear and convincing evidence": (1) the person is not likely to flee or pose a danger to the safety of any other person or the community and (2) the appeal is not for the purpose of delay and raises a substantial question of law.  18 U.S.C. § 3143.

post-conviction bail. *See, e.g.*, California Penal Code § 1272.1(c) (requiring a defendant seeking post-conviction bail to establish that "[t]he appeal is not for the purpose of delay and, based upon the record in the case, raises a substantial legal question which, if decided in favor of the defendant, is likely to result in reversal"); W. Va. Code § 62-1C-1(b) ("[T]he petition for bail may be granted where there is a *likelihood that the defendant will prevail upon appeal*." (emphasis added)); N.Y. Crim. Pro. § 510.30(2) ("Where the principal defendant-appellant in a pending appeal from a judgment of conviction, the court must also consider the likelihood of ultimate reversal of the judgment. A determination that the appeal is palpably without merit alone justifies, but does not require, a denial of the application."); Colo. Rev. Stat. § 16-4-202 (stating the court shall consider "[t]he defendant's likelihood of success on appeal" as a factor in deciding whether or not an appeal bond should be granted).[12]

These statutes only make plain the intuitive relevance of a court's determination that an appeal is not solely for the purpose of delay but, rather, raises a legitimate legal question. *See* California Penal Code § 1272.1(c) (defining a "substantial legal question" as "a close question, one of more substance than would be necessary to find that it was not frivolous"). The Supreme Court of Appeals of West Virginia details which factors to consider in its post-conviction bail statute, which are similar to those considered in Virginia pursuant to *Smith* and *Dowell*:

> The pendency of other charges against the defendant, the amount of the individual's pretrial bond, the regularity of his pre-conviction appearances, the severity of the sentence imposed, and *the likelihood of meritorious grounds for an appeal* are all relevant factors to weigh in regard to post-conviction bail. Also pertinent are the defendant's community ties, his age, and his health.

*State ex rel. Bennett v. Whyte*, 258 S.E.2d 123, 127 (W. Va. 1979) (emphasis added); *see also* W. Va. Code § 62-1C-1(b).

Indiana and South Carolina are most analogous to Virginia, as both states have a general statute without specific factors. The highest court of both states have held that it should take account of "the

---

[12] While some of these statutes *require* a showing of the merits of an appeal, we hold that trial courts can consider the likelihood of success as one of many *factors*.

probability of reversal." *See In re Michael H.*, 602 S.E.2d 729, 736 (S.C. 2004) ("The factors to be considered in admitting a person to bail pending appeal include *the probability of reversal*, the nature of the crime, the possibility of escape, and the character and circumstances of the appellant." (emphasis added)); *Tyson v. State*, 593 N.E.2d 175, 178 (Ind. 1992) ("The petitioner bears the burden of demonstrating that there are compelling reasons to allow a guilty defendant to remain free pending appeal of his conviction. In hearing such petitions, the appellate court should examine three factors: (1) *the probability of reversible error at trial*; (2) the risk of flight, and (3) the potential dangerousness of the defendant." (emphasis added)).

Like the courts in Indiana and South Carolina, it is appropriate for our Court to illuminate what considerations are proper in exercising that discretion in Virginia, and one appropriate consideration is the likelihood of success on appeal.

C. <u>The trial court properly considered the likelihood of Jeffrey's success on appeal when it denied post-conviction bail.</u>

Here, the circuit court appropriately considered Jeffrey's likelihood of success on appeal, which the trial court explained was likely "zero." The trial judge relied on his extensive knowledge of the record, having presided over both trials and Jeffrey's motion to withdraw the no-contest plea. His assessment of the merits of Jeffrey's appeal was grounded in his observation of: (1) Jeffrey's minimal objections throughout trial, (2) Jeffrey's failure to articulate the grounds for his appeal, and (3) Jeffrey's no-contest plea and the trial judge's denial of the subsequent attempt to withdraw his plea. Given these factors, the trial court's assessment of Jeffrey's likelihood of success on appeal, and its reliance on that assessment, was not an abuse of discretion.

## III. CONCLUSION

The trial court's review of the totality of the circumstances, examination of the relevant factors, reliance on its intimate knowledge of the trial, and evaluation of Jeffrey's appeal, all demonstrate that its denial of post-conviction bail was reasonable. Thus, we affirm the trial court's decision.

This order shall be published and certified to the trial court.

A Copy,

Teste:

A. John Vollino, Clerk

By: *original order signed by a deputy clerk of the Court of Appeals of Virginia at the direction of the Court*

Deputy Clerk